UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK,<br><br>                     Plaintiff,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC.,<br>BARRY D. ZYSKIND, GEORGE KARFUNKEL,<br>and LEAH KARFUNKEL,<br><br>                     Defendants. | No. 19-cv-8030<br>(Failla, J.) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants AmTrust Financial Services, Inc. ("AmTrust"), Barry D. Zyskind, George Karfunkel, and Leah Karfunkel (collectively, "Defendants"), upon personal knowledge and/or information and belief, answer Jan Martínek's ("Plaintiff") Class Action Complaint, dated August 28, 2019 (the "Complaint").

### GENERAL DENIAL

Except as otherwise expressly admitted in paragraphs 1 through 120 below, Defendants deny each and every allegation of paragraphs 1 through 120 of the Complaint.  Specifically, Defendants (i) incorporate into each response a denial of any allegations in the Complaint to the extent such allegations or suggest that such Defendant made any untrue statement of material fact necessary to make the statements made not misleading, (ii) to the extent that any response is required, deny any allegations or averments in the headings, subheadings, and footnotes, of the Complaint, and (iii) intend to response only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other Defendants.

Further, Defendants deny any and all wrongdoing and/or liability to Plaintiff and all members of the purported class of persons on whose behalf this action is said to be brought.  To the extent that the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this Answer contains no response to legal contentions other than their general denial.  All defined terms not otherwise defined in this Answer have the same meaning as those included in the Complaint.

Defendants, by and through their undersigned counsel Quinn Emanuel Urquhart & Sullivan, LLP, respond to the specific allegations in the Complaint as follows:

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT

1.      Paragraph 1 does not contain factual averments requiring a response.  To the extent a response is required, Defendants deny the allegations of paragraph 1.

2.      Paragraph 2 does not contain factual averments requiring a response.  To the extent a response is required, Defendants deny the allegations of paragraph 2.

3.      Defendants deny the allegations of paragraph 3, except Defendants admit that the Karfunkel-Zyskind Family owned approximately 55% of AmTrust.

4.      Defendants deny the allegations of paragraph 4, except Defendants admit that only common stock was acquired through the Merger, and that AmTrust had and has preferred stock (the "Preferred Stock") outstanding before and after the Merger, and Defendants refer the Court to their public statements for the contents thereof.

5.      Defendants deny that the allegations of paragraph 5 of the Complaint, except Defendants admit that the various series of Preferred Stock dropped in price on the trading day following AmTrust's announcement of its intent to delist them.

6.      Defendants deny the allegations of paragraph 6.

## JURISDICTION AND VENUE

7.      The allegations of paragraph 7 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 7.

8.      The allegations of paragraph 8 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 8.

9.      That the allegations of paragraph 9 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 9.

10.      The allegations of paragraph 10 contain legal conclusions as to which no response is necessary.

11.      The allegations of paragraph 11 contain legal conclusions as to which no response is necessary.

## PARTIES

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and share purchases, and deny the allegations of paragraph 12 on that basis.  Defendants deny the remaining allegations of paragraph 12.

13.      Defendants admit the allegations of paragraph 13.

14.      Defendants deny the allegations of paragraph 14, except Defendants admit that Zyskind is the son-in-law of Michael Karfunkel and that Zyskind served as a director on AmTrust's Board of Directors since 1998 and as the Chairman of the Board since May 2016.

15.      Defendants aver that the public filings mentioned in paragraph 15 speak for themselves and refer to these public filings for an accurate and complete statement of their terms. Defendants otherwise admit the allegations of paragraph 15.

16.      Defendants admit the allegations of paragraph 16.

17.     Paragraph 17 contains only a definition of "Individual Defendants" as to which no response is required.

18.     Defendants aver that the public filings mentioned in paragraph 18 speak for themselves and refer to these public filings for an accurate and complete statement of their terms. Defendants otherwise deny the allegations of paragraph 18.

19.     Paragraph 19 does not contain factual averments requiring a response.

(a)  Defendants admit Stone Point Capital LLC was a participant in the Buyout. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 19(a) and deny the remainder of the allegations of paragraph 19(a) on that basis.

(b)  Defendants deny the allegations of paragraph 19(b), except Defendants admit that Evergreen Parent L.P. ("Parent") is a Delaware limited partnership, that Parent was formed solely for the purpose of effectuating the Merger and other related transactions, and that Parent was a party to the Merger Agreement with AmTrust and remains in existence following consummation of the Merger.

**CLASS ACTION ALLEGATIONS**

20.     Paragraph 20 does not contain factual averments requiring a response.  To the extent a response is necessary, Defendants deny the allegations of paragraph 20.

21.     The allegations of paragraph 21 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 21.

22.     The allegations of paragraph 22 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 22.

23.     The allegations of paragraph 23 contain legal conclusions as to which no response is necessary.   To the extent a response is necessary, Defendants deny the allegations of paragraph 23.

24.     The allegations of paragraph 24 contain legal conclusions as to which no response is necessary.   To the extent a response is necessary, Defendants deny the allegations of paragraph 24.

25.     The allegations of paragraph 25 contain legal conclusions as to which no response is necessary.   To the extent a response is necessary, Defendants deny the allegations of paragraph 25.

## GENERAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

26.     Defendants aver that the various documents mentions in paragraph 26 and its subparagraphs speak for themselves and refer to these documents for an accurate and complete statement of their contents.   Defendants otherwise admit the allegations of paragraph 26 and its subparagraphs.

27.     Defendants admit that AmTrust entered into underwriting agreements with underwriters with respect to the Preferred Stock (the "Underwriting Agreements"), aver that the Underwriting Agreements speak for themselves, and refer to the Underwriting Agreements for an accurate and complete statement of their terms.   Defendants otherwise deny the allegations of paragraph 27.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants aver that the Underwriting Agreements speak for themselves and refer to the Underwriting Agreements for an accurate and complete statement of their terms.   Defendants otherwise deny the allegations of paragraph 29.

30.     Defendants aver that the prospectus supplements speak for themselves and refer to the prospectus supplements for an accurate and complete statement of their terms.  Defendants otherwise deny the allegations of paragraph 30.

31.     Defendants aver that the Underwriting Agreements speak for themselves and refer to the Underwriting Agreements for an accurate and complete statement of their terms.  Defendants otherwise deny the allegations of paragraph 31.

32.     Defendants admit that the NYSE approved the listing of each series of the Preferred Stock and that the Preferred Stock was traded on the NYSE, and otherwise deny the allegations of paragraph 32.

33.     Defendants aver that the terms of the Preferred Stock speak for themselves and refer to the terms of the Preferred Stock for an accurate and complete statement of their contents. Defendants otherwise deny the allegations of paragraph 33.

34.     Defendants admit that AmTrust was founded by members of the Karfunkel-Zyskind Family, and otherwise deny the allegations of paragraph 34.

35.     Defendants aver that AmTrust's Form 10-Q for the third quarter of 2017 speaks for itself and refer to AmTrust's Form 10-Q for an accurate and complete statement of its contents. Defendants otherwise deny the allegations of paragraph 35.

36.     Defendants aver that AmTrust's Form 10-Q for the third quarter of 2017 speaks for itself and refer to AmTrust's Form 10-Q for an accurate and complete statement of its contents. Defendants otherwise admit the allegations of paragraph 36.

37.     Defendants aver that AmTrust management's public statements speak for themselves and refer to AmTrust management's public statements for an accurate and complete statement of their contents.  Defendants otherwise deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38, except Defendants admit that by May 2017, AmTrust's common stock traded at $12.45 per share and that the additional stock issued by AmTrust in May 2017 brought the Individual Defendants to over 50% ownership of AmTrust.

39.     Defendants deny the allegations of paragraph 39, except Defendants admit that in September 2017, Zyskind and Stone Point engaged in discussions about the possibility of taking AmTrust private.

40.     Defendants deny the allegations of paragraph 40, except Defendants admit that Zyskind suggested a potential going-private transaction to AmTrust's Board on or about November 8, 2017.

41.     Defendants deny the allegations of paragraph 41, except Defendants admit that AmTrust disclosed an ongoing SEC investigation in its May 4, 2018 proxy statement that had commenced in or around June 2013.

42.     Defendants aver that the SEC's announcements speak for themselves and refer to such announcements for an accurate and complete statement of their contents.  Defendants otherwise deny the allegations of paragraph 42.

43.     Defendants deny the allegations of paragraph 43.  To the extent that paragraph 43 asserts legal conclusions, no response is required.

44.     Defendants aver that the Proposal Letter speaks for itself and refer to the Proposal Letter for an accurate and complete statement of its contents. Defendants otherwise deny the allegations of paragraph 44.

45.     Defendants aver that the Proposal Letter speaks for itself and refer to the Proposal Letter for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 45.

46.     Defendants aver that the Proposal Letter, the Schedule 13D, and the "January 9, 2019 press release accounting the Proposal" mentioned in paragraph 46 speak for themselves and refer to these documents for an accurate and complete statement of their respective contents. Defendants otherwise deny the allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants aver that the Schedule 13D, Amendment No. 14 filed by the Individual Defendants on January 22, 2018 speaks for itself and refer to this document for an accurate and complete statement of its contents.   Defendants and otherwise deny the allegations of paragraph 48.

49.     Defendants aver that the March 1, 2018 press release mentioned in paragraph 49 (the "Press Release") speaks for itself and refer to this document for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 49.

50.     Defendants aver that the Press Release speaks for itself and refer to this document for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 50.

51.     Defendants aver that the Press Release speaks for itself and refer to this document for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and thus deny the allegations of paragraph 52 on that basis.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations regarding an investor "urg[ing]" Icahn to invest in AmTrust, and thus deny these allegations on that basis.  Defendants further deny the remainder of the allegations of paragraph 54.

55.      Defendants aver that Carl Icahn's public announcements, his letter to the AmTrust board of directors, and AmTrust's "initial proxy" speak for themselves and refer to those documents for an accurate and complete statement of their respective contents.  Defendants otherwise deny the allegations of paragraph 55, except Defendants admit that Icahn filed suit against the Individual Defendants regarding the Merger.

56.     Defendants aver that the preliminary proxy filed with the SEC in a Schedule 14A on April 9, 2018 (the "Preliminary Proxy") speaks for itself and refer to the Preliminary Proxy for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 56.

57.     Defendants aver that the proxy statement filed in a Schedule 14A on May 4, 2018 (the "Definitive Proxy") speaks for itself and refer to the Definitive Proxy for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 57. Defendants further state that to the extent that paragraph 57 asserts legal conclusions, no response is required.

58.     Defendants aver that the Definitive Proxy speaks for itself and refer to the Definitive Proxy for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 58.

59.     Defendants aver that the Institutional Shareholder Services' ("ISS") report on the Merger mentioned in paragraph 59 (the "ISS Report") speaks for itself and refer to that report for

an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60, except Defendants admit that the original vote on the Merger was adjourned.

61.     Defendants deny the allegations of paragraph 61, except Defendants admit that the Acquisition Group agreed to increase its offer to $14.75 per share.

62.     Defendants aver that the Agreement and Plan of Merger, as amended on June 6, 2018 (the "Amended Merger Agreement") speaks for itself and refer to that series of documents for an accurate and complete statement of its terms.  Defendants otherwise deny the allegations of paragraph 62, except Defendants admit that Icahn dismissed his lawsuit against the Individual Defendants.

63.     Defendants aver that the contents of the ISS Report speak for themselves and refer to that report for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants admit that the NYSE requires the companies whose securities it lists to have a majority of directors on their boards be independent, and otherwise deny the allegations of paragraph 65.

66.     Defendants aver that the various documents mentioned in paragraph 66 and its subparagraphs speak for themselves and refer to those documents for an accurate and complete statement of their respective contents.  Defendants otherwise deny the allegations of paragraph 66 and its subparagraphs.

67.     Defendants aver that the Preliminary Proxy speaks for itself and refer to the Preliminary Proxy for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 67.

68.     Defendants aver that the Definitive Proxy speaks for itself and refer to the Preliminary Proxy for an accurate and complete statement of their contents.  Defendants otherwise deny the allegations of paragraph 68.

69.     Defendants admit the allegations of paragraph 69.

70.     Defendants admit the allegations of paragraph 70.

71.     Defendants aver that January 18, 2019 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 71.

72.     Defendants admit the allegations of paragraph 72.

73.     Defendants aver that the January 18, 2019 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 73.

74.     Defendants aver that the January 18, 2019 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 74.

75.     Defendants aver that the January 18, 2019 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 75.

76.     Defendants aver that the June 18, 2018 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 76.

77.     Defendants aver that the June 18, 2018 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 77.

78.     Defendants aver that the June 18, 2018 press release speaks for itself and refer to the press release for an accurate and complete statement of its contents.  Defendants otherwise deny the allegations of paragraph 78.

79.     Defendants aver that the documents referred to in paragraph 79 speak for themselves and refer to these documents for an accurate and complete statement of their respective contents.  Defendants otherwise deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants aver that the *Barron's* article mentioned in paragraph 81 speaks for itself and refer to this article for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations of paragraph 81.

82.     Defendants admit the accuracy of the share price table in paragraph 82 and otherwise deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants aver that the letter Plaintiff sent to Stone Point and the letter Plaintiff sent to the SEC regarding the delisting of the Preferred Stock from the NYSE (the "Delisting")

speak for themselves and refer to those documents for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87, expect Defendants admit that investors holding Preferred Stock have contracted AmTrust regarding the Delisting and that investors holding Preferred Stock have commenced litigation against AmTrust.

88.     Defendants aver that the complaint filed by Keefe, Bruyette & Woods, Inc. (the "KBW Complaint") speaks for itself and refer to the KBW Complaint for a complete and accurate statement of its contents.  Defendants further aver that Keefe, Bruyette & Woods, Inc.'s ("KBW") motion for a temporary restraining order was denied and that the KBW Complaint was dismissed. Defendants otherwise deny the allegations of paragraph 88.

89.     Defendants aver that the KBW Complaint speaks for itself and refer to the KBW Complaint for a complete and accurate statement of its contents.  Defendants further aver that KBW's motion for a temporary restraining order was denied and that the KBW Complaint was dismissed. Defendants otherwise deny the allegations of paragraph 89.

90.     Defendants aver that Justice Borrok's orders speak for themselves and refer to them for a complete and accurate statement of their contents.  Defendants admit that KBW's motion for a temporary restraining order was denied and that the KBW Complaint was dismissed.  Defendants otherwise deny the allegations of paragraph 90.

91.     Defendants admit the allegations of paragraph 91 and aver that the motion to dismiss mentioned in paragraph 91 was granted (*see Matlick v. AmTrust Fin. Servs., Inc*., 67 Misc. 3d 1202(A), 2020 WL 1294669 (Sup. Ct. N.Y. Cty. Mar. 16, 2020)).

92.     Defendants aver that the Form 15 mentioned in paragraph 92 speaks for itself and refer to those documents for an accurate and complete statement of their respective contents. Defendants otherwise deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

     (a)     Defendants aver that the various documents mentioned in paragraph 93(a) speak for themselves and refer to those documents for an accurate and complete statement of their respective contents.  Defendants otherwise deny the allegations of paragraph 93(a).

     (b)     Defendants deny the allegations of paragraph 93(b).

94.     Defendants deny the allegations of paragraph 94.  To the extent that paragraph 94 asserts legal conclusions, no response is required.

95.     Defendants deny the allegations of paragraph 95.  To the extent that paragraph 95 asserts legal conclusions, no response is required.

96.     Defendants deny the allegations of paragraph 96.  To the extent that paragraph 96 asserts legal conclusions, no response is required.

97.     Defendants deny the allegations of paragraph 97.  To the extent that paragraph 97 asserts legal conclusions, no response is required.

98.     Defendants deny the allegations of paragraph 98.  To the extent that paragraph 98 asserts legal conclusions, no response is required.

99.     Defendants deny the allegations of paragraph 99.  To the extent that paragraph 99 asserts legal conclusions, no response is required.

100.     Defendants deny the allegations of paragraph 100.  To the extent that paragraph 100 asserts legal conclusions, no response is required.

101.    Defendants deny the allegations of paragraph 101.  To the extent that paragraph 101 asserts legal conclusions, no response is required.

(a)    Defendants deny the allegations of paragraph 101(a).

(b)    Defendants deny the allegations of paragraph 101(b), except Defendants admit that AmTrust made periodic filings with the SEC.

(c)    Defendants deny the allegations of paragraph 101(c).

(d)    Defendants deny the allegations of paragraph 101(d), except Defendants admit that AmTrust was rated by A.M. Best.

102.    Defendants deny the allegations of paragraph 102.  To the extent that paragraph 102 asserts legal conclusions, no response is required.

103.    Defendants deny the allegations of paragraph 103.  To the extent that paragraph 103 asserts legal conclusions, no response is required.

**COUNT I**

**Against Defendants for Violation of Sections 10(b) of
The Exchange Act and Rule 10b-5 Thereunder**

104.    Defendants incorporate by reference their answers to every allegation above as if fully restated herein.

105.    Defendants deny the allegations of paragraph 105.  To the extent that paragraph 105 asserts legal conclusions, no response is required.

106.    Defendants deny the allegations of paragraph 106.  To the extent that paragraph 106 asserts legal conclusions, no response is required.

107.    Defendants deny the allegations of paragraph 107.  To the extent that paragraph 107 asserts legal conclusions, no response is required.

108.    Defendants deny the allegations of paragraph 108.  To the extent that paragraph 108 asserts legal conclusions, no response is required.

109.    Defendants deny the allegations of paragraph 109.  To the extent that paragraph 109 asserts legal conclusions, no response is required.

110.    Defendants deny the allegations of paragraph 110.  To the extent that paragraph 110 asserts legal conclusions, no response is required.

111.    Defendants aver that the allegations of paragraph 111 contain legal conclusions as to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations of paragraph 111.

## COUNT II

### Against the Individual Defendants
### Pursuant to Section 20(a) of the Exchange Act

112.    Defendants incorporate by reference their answers to every allegation above as if fully restated herein.

113.    Defendants deny the allegations of paragraph 113.  To the extent that paragraph 113 asserts legal conclusions, no response is required.

114.    Defendants aver that the allegations of paragraph 114 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 114.

115.    Defendants aver that the allegations of paragraph 115 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 115.

116.    Defendants aver that the allegations of paragraph 116 contain legal conclusions as to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations of paragraph 116.

117.    Defendants deny the allegations of paragraph 117.  To the extent that paragraph 117 asserts legal conclusions, no response is required.

118.    Defendants deny the allegations of paragraph 118.  To the extent that paragraph 118 asserts legal conclusions, no response is required.

119.    Defendants aver that the allegations of paragraph 119 contain legal conclusions as to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.  To the extent that paragraph 120 asserts legal conclusions, no response is required.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny any wrongdoing and, except as expressly admitted in paragraphs 1-120 above, deny all allegations, and specifically deny that Plaintiff is entitled to any of the relief prayed for against the Defendants, including attorneys' fees, experts' fees, and other costs and disbursements.  Defendants further deny that the Complaint may be maintained as a class action. Defendants further deny that Plaintiff is a proper class representative.

## RESPONSE TO DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## DEFENSES

Defendants offer the following Defenses in response to the allegations set forth in the Complaint.  Defendants reserve the right to amend this Answer, to amend, modify and/or supplement their Defenses, and to plead and assert additional Affirmative Defenses that may arise

as a result of any findings, conclusions, or other action taken.  The statement of any Defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiff.  To the extent that any of the Defenses asserted herein or to be asserted in the future are mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

**FIRST DEFENSE**

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to plead adequately any of the alleged underlying conduct that Plaintiff's claim gives rise to liability under the securities laws.

**THIRD DEFENSE**

The Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u- 4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiff complains and the alleged intent of Defendants.

**FOURTH DEFENSE**

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

**FIFTH DEFENSE**

Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

18

## SIXTH DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Plaintiff knew or should have known of such untruth or omission.

## SEVENTH DEFENSE

Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

## EIGHTH DEFENSE

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

## NINTH DEFENSE

This action may not properly be maintained as a class action.

## TENTH DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches and waiver.

## ELEVENTH DEFENSE

To the extent Plaintiff's claims, and/or the issues and alleged underlying misconduct raised by Plaintiff's claims have been previously litigated, Plaintiff's claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

## TWELFTH DEFENSE

Defendants are not liable because any wrongdoing alleged in the Complaint lacks a sufficient connection to the purchase or sale of AmTrust securities.

## THIRTEENTH DEFENSE

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiff and were at all times reflected in the market price of AmTrust securities.

## FOURTEENTH DEFENSE

Defendants are not liable because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by the Defendants were not material to the investment decisions of Plaintiff.

## FIFTEENTH DEFENSE

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiff bases his claims were immaterial puffery and/or otherwise not material.

## SIXTEENTH DEFENSE

Defendants are not liable because certain alleged misstatements about which Plaintiff complains concern nonactionable matters of opinion or soft information, rather than matters of material fact.

## SEVENTEENTH DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of AmTrust securities.

## EIGHTEENTH DEFENSE

Defendants are not liable because Plaintiff has not pleaded the required connection between the challenged statements and the alleged loss, and/or any losses suffered by Plaintiff were not causally related to the purported misstatements or omissions alleged by Plaintiff.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any of the purported misstatements or omissions alleged in the Complaint in deciding to purchase AmTrust securities.

## TWENTIETH DEFENSE

Plaintiff cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and he is otherwise unable to establish that he relied upon the purported misstatements and omissions alleged in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiff cannot recover against Defendants because Defendants were under no duty to disclose the alleged underlying conduct.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff cannot establish a sufficient connection between existing statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

## TWENTY-THIRD DEFENSE

Plaintiff cannot recover against Defendants because the losses, if any, sustained by Plaintiff were not actually or proximately caused by the acts and occurrences alleged in the Complaint.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred because the injuries and underlying wrongdoing alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants have no control, or through acts or omissions by Plaintiff.

**TWENTY-FIFTH DEFENSE**

Defendants are not liable because to the extent that Plaintiff has been damaged, if at all, his failure to mitigate his damages bars recovery.

**TWENTY-SIXTH DEFENSE**

Defendants are not liable because Plaintiff's losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains.

**TWENTY-EIGHTH DEFENSE**

To the extent Plaintiff suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

**TWENTY-NINTH DEFENSE**

Plaintiff cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiff enters into, or any amounts Plaintiff otherwise receives from any source, in connection with Plaintiff's alleged losses.

## THIRTIETH DEFENSE

The Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred because each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## THIRTY-SECOND DEFENSE

Defendants are not liable for alleged injuries resulting from conduct for which they have been released through settlement in any prior litigation or other proceeding.

## THIRTY-THIRD DEFENSE

Defendants are not liable because the Complaint fails to adequately allege a relevant market or relevant markets for the underlying conduct alleged in the Complaint.

## THIRTY-FOURTH DEFENSE

Defendants are not liable because Plaintiff does not have standing.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he has incurred no legally cognizable injury or damages.

## THIRTY-SIXTH DEFENSE

Defendants are not liable for the conduct of any of current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

**THIRTY-SEVENTH DEFENSE**

Defendants deny that Plaintiff is entitled to recover of attorneys' fees, costs or expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

(1) Dismissing the entire action with prejudice;

(2) Granting Defendants their reasonable costs, expenses and attorneys' fees; and

(3) Awarding Defendants such other, further and different relief as the Court deems just

and proper.


Dated:  September 4, 2020
        New York, New York

/s/ Kevin S. Reed
_____

Michael B. Carlinsky
Kevin S. Reed
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100
michaelcarlinsky@quinnemanuel.com
kevinreed@quinnemanuel.com

*Attorneys for Defendants*