UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN MARTÍNEK,

                        Plaintiff,

v.

AMTRUST FINANCIAL SERVICES, INC.,
BARRY D. ZYSKIND, GEORGE KARFUNKEL,
and LEAH KARFUNKEL,

                        Defendants.

No. 19-cv-8030
(Failla, J.)

**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

WHEREAS, Plaintiff Jan Martínek and Defendants AmTrust Financial Services, Inc.,

Barry D. Zyskind, George Karfunkel, and Leah Karfunkel (collectively, "Defendants"), hereinafter

collectively ("the Parties,") anticipate that documents, testimony, or information containing or

reflecting confidential, and/or commercially sensitive information are likely to be disclosed or

produced during the course of discovery in this case and request that the Court enter this Order

setting forth the conditions for treating, obtaining, and using such information;

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court

finds good cause for the following Stipulated Protective Order Regarding the Disclosure and

Use of Discovery Materials (the "Order" or "Protective Order").

1.      **DEFINITIONS**

        (a)      "Challenging Party" means a Party or Non-Party that challenges the

designation of information or items under this Order.

        (b)      "Confidential Information" means information (regardless of how it is

generated, stored, or maintained) or tangible things that the Designating Party designates in good

faith should be protected from disclosure and use outside the litigation because it qualifies for

protection under Federal Rule of Civil Procedure 26(c), its use is restricted by statute, or it could potentially cause harm to the ongoing business interests or otherwise includes sensitive personal identifying information (e.g., social security numbers or account information) of the Designating Party or Non-Party.

(c)     "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

(d)     "Disclosure or Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(e)     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and his or her support staff.

(f)     "House Counsel" means attorneys who are employees of a Party to this action, as well as their support staffs.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

(g)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(h)     "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared

in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, as well as their support staffs.

(i)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(j)      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(k)      "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, including electronic discovery) or claims or class notice administration services and their employees and subcontractors.

(l)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(m)      "Receiving Party" means any Party who receives Disclosure or Discovery Material from a Producing Party.

2.      **PURPOSES AND LIMITATIONS**

(a)      Discovery Material emanating from a Producing Party shall be used by a Receiving Party solely for this case, and shall not be used or disclosed directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures

under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully. Any use of Protected Material at trial shall be governed by a separate agreement or order.

(b)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(c)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.  Conversely, and in the interests of justice and efficiency, no Party shall withhold its consent to an immaterial deviation from this Order, and such modifications, as long as they are agreed to in writing by the Parties, do not require further Court approval.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **DESIGNATING PROTECTED MATERIAL**

(a)      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b)      Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(i)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Confidential Information. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(ii)    for testimony given in deposition or in other pretrial or trial proceedings, testimony shall presumptively be deemed Confidential Information subject to this Order during the deposition and for a period of ten (10) days after a transcript of the deposition is received by Counsel for each of the Parties. At or before the end of such ten day period, portions of the deposition transcript shall be classified in good faith as Confidential Information as appropriate by any Party or Non-Party of interest. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. Designation of testimony may also be made by making a statement to that effect on the record during the testimony.

(iii)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) in writing to the Receiving Party.

(c)     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents/materials as Confidential, but shall cooperate in good faith with the Designating Party's effort to ensure that its material remains confidential.

7.     **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

(a)     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must state that the challenge to confidentiality is being made in accordance with this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by  the Designating Party responding in writing to the Challenging Party's notice within 7 days, wherein

it describes the basis for its designation. Within 14 days of the date of the Challenging Party's initial service of notice. the parties shall confer directly in voice to voice dialogue; other forms of communication are not sufficient.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties may proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first or if the Challenging Party establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)     <u>Judicial Intervention</u>.  Failing agreement, the Designating Party shall file a motion or other request to the Court within 14 days from the date in which the parties have concluded that agreement cannot be reached for a ruling whether the Discovery Material in question is entitled to the status and protection of the Designating Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  For the avoidance of doubt, a filing seeking judicial intervention pursuant to this section does not require the filing of a request for a pre-motion conference.

(d)     <u>No Change In Status Until Withdrawal or Final Court Ruling.</u> Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 of this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b)    <u>Disclosure of Confidential Information.</u>  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    the Receiving Party

(ii)    the Receiving Party's Outside Counsel of Record in this action;

(iii)    the officers, directors, and House Counsel of the Receiving Party,

(iv)     employees of the Receiving Party for the purpose of assisting in the litigation or who were the recipients or authors of the Confidential Information at issue;

(v)    Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (counsel shall retain but need not disclose or produce the signed Exhibit A);

(vi)    the Court and its personnel, or any mediator appointed by the court or jointly selected by the Parties;

(vii)   The Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(viii)   Court reporters and their staff, recorders, and videographers engaged for depositions;

(ix)   Deponents in the action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), at deposition or for purposes reasonably related to deposition preparation, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(x)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(xi)   other persons only upon consent of the producing party and on such conditions as the parties may agree or allowed by Court order.

(c)   Control of Documents.  The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of the forms signed by persons acknowledging their obligations under this Order, but such forms need not be produced to opposing counsel, absent a showing of good cause.

(d)   Use of Confidential Information at Trial or Hearing. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.

A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any Party to urge or contest the alleged relevance or admissibility of any information or any documents subject to this Order, nor shall it prejudice the right of any Party to use such information or documents.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information produced by another Designating Party in this litigation that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material,

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Confidential Information.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(i)     promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of this Order, and (d) to the extent not already done, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court. Inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege, or work-product protection, will not be deemed to waive a Party's claim to its privileged or protected nature, or to estop that Party or the privilege

holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

13.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order may be modified by the Court on its own motion or on motion of any Party or any Non-Party with standing concerning the subject matter.  The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

(b)   <u>Jurisdiction Upon Final Disposition Or Transfer.</u>  The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition or transfer to another venue of this action. In the event this action is transferred to another court, that court shall obtain jurisdiction to enforce the provisions of this Order, or subsequently modified Orders. Any Party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

(c)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(d)   <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

(e)     <u>Applicability to Parties Later Joined.</u> If additional persons or entities become Parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

(f)     <u>Retroactive Application.</u> This Order shall apply retroactively to all documents, communications and other materials produced in this case, as well as to all future exchanges of documents, communications and other materials produced in this case.

14.     **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Counsel are entitled to retain archival copies of all documents filed with the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Counsel is not required to delete confidential material from back-up tapes or cloud back-ups, and may destroy such information in accordance with its electronically stored information protocols.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 of this Order.

The parties, through their undersigned counsel, stipulate to the entry of this Order.

Dated: October 14, 2020                              Respectfully submitted,

                                            By:      /s/ *Patricia I. Avery*
                                                     Carl L. Stine
                                                     Patricia I. Avery
                                                     Adam J. Blander
                                                     cstine@wolfpopper.com
                                                     pavery@wolfpopper.com
                                                     ablander@wolfpopper.com
                                                     845 Third Avenue, 12th Floor
                                                     New York, New York 10022
                                                     (212) 759-4600

                                                     *Attorneys for Plaintiff Jan Martínek*

                                                     /s/ *Kevin S. Reed*
                                                     Michael B. Carlinsky
                                                     Kevin S. Reed
                                                     michaelcarlinsky@quinnemanuel.com
                                                     kevinreed@quinnemanuel.com
                                                     QUINN EMANUEL URQUHART
                                                     & SULLIVAN, LLP
                                                     51 Madison Ave., 22nd Floor
                                                     New York, NY 10010
                                                     (212) 849-7000

                                                     *Attorneys for Defendants AmTrust Financial*
                                                     *Serivces, Inc., Barry D. Zyskind, George Karfunkel,*

*and Leah Karfunkel*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:        October 15 , 2020

_____

Honorable Katherine Polk Failla
United States District Judge

```
This protective order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.
```

## **EXHIBIT A**

## **ACKNOWEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____, 2020 in the case of *Martinek v. AmTrust Financial Serivces, Inc. et al.* (No. 19-cv-8030).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

_____
Signature

_____
Printed Name

City and State where sworn and signed: _____

18