UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN MARTÍNEK,

Plaintiff,

v.

AMTRUST FINANCIAL SERVICES, INC.,
BARRY D. ZYSKIND, GEORGE KARFUNKEL,
and LEAH KARFUNKEL,

Defendants.

No. 19-cv-8030 (KPF)

**STIPULATED AGREEMENT
AND ORDER UNDER FED.
R. EVID. 502(d)**

**KATHERINE POLK FAILLA, U.S.D.J.**

WHEREAS, Plaintiff Jan Martínek and Defendants AmTrust Financial Services, Inc., Barry D. Zyskind, George Karfunkel, and Leah Karfunkel (collectively, "Defendants") jointly request that this Court issue an order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of certain documents in this proceeding and to protect Defendants against waiver of any privileges attaching to those documents (the "Order");

WHEREAS, absent an order from the Court, under certain circumstances, production of privileged documents can operate as a waiver of any applicable privilege, protection, and/or immunity with respect to disclosure in this case and other Federal or State proceedings;

WHEREAS, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before that court – in which event the disclosure is also not a waiver in any other Federal or State proceeding";

WHEREAS, this Court finds good cause to issue an order pursuant to Rule 502(d);

WHEREAS the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this order;

IT IS HEREBY STIPULATED, AGREED AND ORDERED

1.      On November 6, 2020, in response to a request for production served by Plaintiff, Defendants agreed to produce documents concerning the decision to delist all six series of AmTrust preferred stock from the New York Stock Exchange (the "Delisting").  In the course of document discovery, AmTrust has reviewed written logs of messages left for AmTrust executives by callers (the "Logs").  Thousands of these Logs exist, and each one of them contains as many as several thousand individual entries.  These Logs are overwhelmingly comprised of non-responsive material, but as little as one entry regarding the Delisting among thousands renders the Logs responsive to Plaintiff's request for production.  Reviewing each of the Logs for entries individually protected from discovery by any applicable privilege or immunity ("Privilege") would take a massive amount of time and manpower.

2.      It is thus ordered that, pursuant to Federal Rule of Evidence 502(d), if any Log that contains one or more entries subject to a claim of any Privilege is produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such Privilege, in this or any other proceeding, as to Plaintiff or any third parties.  Moreover, the production or disclosure of these Logs shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other proceeding.  This Order shall provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to the Logs.  Nothing contained herein requires the production of any document that a party contends is protected from disclosure by any Privilege, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

3.    If Defendants produce Logs that they believe are, or may be, in whole or in part, protected, Privileged, or otherwise immune from discovery, they shall promptly so advise Plaintiff in writing and request the Logs be returned (a "Clawback Notice").  If that request is made, no party to this litigation shall thereafter assert on this basis that the disclosure waived any Privilege.  If Plaintiff receives Logs that appear to be in whole or in part subject to a claim of Privilege from discovery, Plaintiff shall promptly identify both the Logs and the particular Log entries to Defendants.

4.    When Plaintiff or Defendants identify any Log that is in whole or in part subject to a claim of Privilege from discovery, or upon receipt of a Clawback Notice, Plaintiff: (1) shall not use, and shall immediately cease any prior use of, such Logs and, if possible, sequester such Logs; (2) shall immediately take reasonable steps to retrieve the Logs from others to which the Plaintiff disclosed the Logs; (3) shall immediately, and not later than five (5) business days after receipt of Defendants' Clawback Notice, return to Defendants or destroy the Logs and destroy all copies thereof; and (4) shall confirm to Defendants the destruction (under (3) above) of all copies, notes, drafts, work product, or communications reasonably obtainable that reproduce, copy, or otherwise disclose, or analyze the substance of the Privileged portions of such Logs returned to Defendants or destroyed.  The destruction of the Privileged portion of the Log from Plaintiff's document review platform or any other locations where the document or references thereof are known by Plaintiff to exist shall constitute compliance with (4) above.  No one shall use the fact or circumstances of production of the Logs in this litigation or any other proceeding to argue that any Privilege has been waived.  Should any produced Log be Privileged only in part, Defendants will re-produce to Plaintiff a version of that Log with any Privileged entries redacted.

3

5.   Plaintiff may file a motion to compel the production of Logs identified by Defendants as Privileged on the basis that: (a) the Logs were never privileged or protected in its Clawback Notice from disclosure; or (b) any applicable Privilege has been waived by some act other than the production of the Logs in this litigation.  Any such motion shall not disclose or otherwise use the Privileged content of any Log (beyond any information appearing on the any privilege or redaction log served) in any way.  Counsel for Defendants and counsel Plaintiff shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

**SO STIPULATED AND AGREED**.

Dated: June 15, 2021
      New York, New York

| | |
|---|---|
| WOLF POPPER LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: */s/ Carl L. Stine*_____<br>Carl L. Stine<br>Patricia I. Avery<br>Adam J. Blander | By: */s/ Kevin S. Reed*_____<br>Michael B. Carlinsky<br>Kevin S. Reed |
| 845 Third Avenue<br>New York, New York<br>Tel: 212-759-4600<br>cstine@wolfpopper.com<br>pavery@wolfpopper.com<br>ablander@wolfpopper.com | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>michaelcarlinsky@quinnemanuel.com<br>kevinreed@quinnemanuel.com<br><br>*Counsel for Defendants* |
| *Counsel for Plaintiff* | |

**SO ORDERED.**

Dated: June 15, 2021
      New York, NY

THE HONORABLE KATHERINE POLK FAILLA
United States District Judge

The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

5