

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

DIRECT DIAL: 212 451-9667
EMAIL: ablander@wolfpopper.com

December 10, 2021

**VIA ECF & EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   *Martínek v. AmTrust Financial Services, Inc.*, 1:19-cv-08030-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent Lead Plaintiff Jan Martínek and the putative class in the above-referenced matter and we write pursuant to the procedures in Rule 9 of Your Honor's Individual Rules regarding the electronic filing of documents with redactions or under seal.

Specifically, we seek leave to file under seal our forthcoming two-page letter responding to defendants' letter filed yesterday in opposition to our request for a spoliation finding (the "Reply Letter").  The Reply Letter includes as exhibits and makes reference to two documents defendants produced and designated as confidential under the governing Protective Order (ECF 40): 1) an electronic note drafted by Chaya Cooperberg; and 2) a litigation hold notice (the "Exhibits").

When asked if they would withdraw their designations with respect to the Exhibits, defense counsel requested that plaintiff include the following statement: "Defendants' position is that Plaintiff's motion to seal is moot because it concerns a filing - a pre-conference reply letter on a discovery dispute - that is not authorized under section 3.C of Your Honor's Individual Rules of Practice in Civil Cases."[1]  Upon a request for clarification, defendants confirmed that they would not withdraw their designations because "[w]e don't see the question as valid."

Accordingly, in deference to the governing Protective Order and defendants' wishes, plaintiff seeks leave to file the Reply Letter and its Exhibits under seal.

Respectfully submitted,
*/s/ Adam J. Blander*

---

[1] Defendants took a contrary position when they were the ones filing a letter request, including a reply (*see* ECF 59). At any rate, Section 3.C. does not prohibit the filing of reply letters.  The word "reply" is not even mentioned.

Application DENIED.

Plaintiff is not authorized to file a reply related to its December 3, 2021 pre-motion letter.  (Dkt. #63).  Accordingly, the Court hereby STRIKES Plaintiff's December 10, 2021 letter reply, which was filed without the Court's permission.  (Dkt. #68).

The Clerk of Court is directed to delete docket entry 68 and note the stricken document on the docket.  The Clerk of Court is further directed to terminate the motion at docket entry 67.

Dated:   December 10, 2021          SO ORDERED.
         New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE