# Exhibit 1

| | |
|---|---|
| **From:** | Adam J. Blander <ABlander@wolfpopper.com> |
| **Sent:** | Monday, October 11, 2021 10:44 PM |
| **To:** | Kevin Reed; Ari Roytenberg |
| **Cc:** | Patricia I. Avery; Sami Ahmad; Radha Raghavan; Laura Bellini; Carl L. Stine |
| **Subject:** | Martinek - Meet and Confer |

**[EXTERNAL EMAIL from ablander@wolfpopper.com]**

Hi Kevin and Ari,

I am touching base to meet and confer on a few things.

Upcoming depositions:

Please provide multiple deposition dates for:

Don Decarlo

Catherine Miller

George Karfunkel

Also, can we complete Chaya Cooperberg's deposition next Tuesday (October 19) at 12pm eastern?  As you know, we won't need more than an hour.

Defendants' Amended Interrogatory Responses:

In response to Interrogatory No. 4, ("Identify the number of record holders for each series of Preferred Stock for each of the three years preceding the Class Period and during the Class Period"), AmTrust referred plaintiff to AFS_0031962-AFS_00032497, which reflects 377 documents, most appearing to have little to nothing to do with record holders (e.g., call lists). Moreover, it appears that the two documents within this bates range bearing on our request reflect only two series of preferred stock on particular dates.  Specifically, there is one document reflecting holders of Series E preferred stock as of August 31, 2018, and another document reflecting holders of Series D preferred stock as of January 25, 2019.  Please provide the corresponding data for all series of preferred stock during the three years preceding the Class Period and during the Class Period.  If you are unable to uncover the pertinent information, then you should serve interrogatory responses reflecting your lack of certainty (similar to the answer reflected in your original, now-superseded response).

Regarding your clients' refusal to substantively respond to all but two interrogatory requests on the grounds of prematurity, you merely state that the Local Rules prohibit our interrogatories "prior to the conclusion of other discovery" but you don't identify a date by which you would deem the interrogatories to ripen.  I note that courts have discretion to order interrogatory responses before the formal close of fact discovery, such as when discovery is "near completion," *Tribune Co. v. Purcigliotti*, 1997 U.S. Dist. LEXIS 13165, at *3-4 (S.D.N.Y. Sep. 2, 1997), and it seems likely that if this matter comes before Judge Failla, she would use that discretion in our favor, given her displeasure that defendants have not yet completed document discovery.  If you identify a

reasonable deadline for defendants to provide substantive responses to our interrogatories, we will not move to compel your responses at this time.  Please let us know.

I also note that your responses were only verified by Adam Karkowsky on behalf of AmTrust, and lacked verifications from the individual defendants.  Given your responses' lack of substance, insisting on verifications from the individual defendants right now would be a waste of everyone's time, but please confirm that the individual defendants will verify future responses.

Hard copy documents, instant messaging, and personal devices:

As you likely anticipated, we were disturbed to hear that Ms. Cooperberg, a high-ranking AmTrust officer, has been destroying her hard copy notebooks containing work-related matters, notwithstanding that AmTrust has been under numerous legal obligations (and not only from this lawsuit) to retain such records.  While plaintiff reserves the right to move for spoliation sanctions against defendants depending on what we learn, for now, it is crucial that you 1) identify the steps that each custodians took to ensure that they did not destroy, discard, or lose responsive hard-copy documents, 2) state, for each custodian, whether hard copy documents within their custody will be produced, and 3) if no hard copy documents for a particular custodian are to be produced, please explain why (e.g., the custodian only takes electronic notes, the custodian threw out his/her notebooks, there were no responsive hard-copy documents following counsel's review of those documents, etc.).

At Ms. Cooperberg's deposition you appeared skeptical as to whether plaintiff had requested Ms. Cooperberg's hard copy notebooks.  To be clear, we have repeatedly asked for the custodians' hard copy and handwritten materials and alerted you to the fact that your productions did not appear to include them.  On September 20, 2021, in response to those repeated requests, you stated "WE WILL PROVIDE ANSWERS TO THESE QUESTIONS." (emphasis yours).

Ms. Cooperberg also testified that she used text-messaging though her personal iPhone and through WhatsApp (which can appear across multiple devices) to discuss AmTrust business and to communicate with AmTrust officers.  While Ms. Cooperberg testified that she had no WhatsApp messages related to the litigation, she conceded that she had no knowledge of the categories of documents plaintiff requested and merely handed over material requested by counsel.   While you have already agreed to look into this issue, please identify the steps you took with respect to each custodian to collect responsive text messages or other data on personal devices, including steps taken to ensure that no custodian self-selected what was responsive and what wasn't during the collection process.

While we have repeatedly asked for responsive hard copy documents, text messages, and any other material from the custodians that may not reside on AmTrust's servers, I am making the request in writing (again), as you requested at the deposition.

Finally, and with an eye towards tomorrow's production deadline, when do you anticipate providing a supplemental privilege log reflecting your more recent reviews?

Regards,

Adam

**Adam J. Blander**

Wolf Popper LLP
845 Third Avenue, 12th Floor
New York, NY 10022
Direct: 212.451.9667
ablander@wolfpopper.com
www.wolfpopper.com