UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK,<br><br>                    Plaintiff,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC.,<br>BARRY D. ZYSKIND, GEORGE KARFUNKEL,<br>and LEAH KARFUNKEL,<br><br>                    Defendants. | No. 19-cv-8030<br>(Failla, J.) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of   June   __22__  , 2022 (the "Stipulation") is entered into between (a) plaintiff Jan Martínek ("Plaintiff" or "Lead Plaintiff"), on behalf of himself and the Class (defined below); and (b) defendant AmTrust Financial Services, Inc. ("AmTrust" or the "Company") and defendants Barry Zyskind, George Karfunkel and Leah Karfunkel (collectively, the "Individual Defendants," and together with AmTrust, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

WHEREAS:

A.      On August 28, 2019, Plaintiff, through his counsel Wolf Popper LLP ("Wolf Popper"), filed the Complaint in this action alleging violations of Sections 10(b) and 20(a) of the

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

Exchange Act (15 U.S.C. §§ 78j and 78t) and SEC Rule 10b-5. ECF No. 5. Among other things, the Complaint alleges that, during the period between January 22, 2018 and January 18, 2019, both dates inclusive (the "Class Period"), Defendants made materially false and misleading statements regarding whether AmTrust's Preferred Stock (defined below) would remain listed on the New York Stock Exchange following the closing of a transaction whereby the Company, the common shares of which were then publicly traded, would be taken private. The Complaint further alleges that Defendants' alleged misstatements caused the prices of AmTrust's Preferred Stock to be inflated during the Class Period and to decline when the alleged truth emerged, resulting in financial losses to those who purchased or acquired the Preferred Stock at the inflated prices.

B.      On November 18, 2019, the Court entered an Order appointing Plaintiff as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 and Plaintiff's selection of Wolf Popper ("Lead Counsel") as Lead Counsel in the Action. ECF No. 23.

C.      On January 31, 2020, Defendants served their motion to dismiss the Complaint. ECF Nos. 27-29. On March 13, 2020, Lead Plaintiff served his memorandum of law in opposition to Defendants' motion to dismiss, ECF No. 30, and, on April 3, 2020, Defendants served their reply memorandum of law. ECF No. 31.

D.      On August 14, 2020, the Court issued an Opinion and Order denying Defendants' motion to dismiss the Complaint. ECF No. 34.

E.      On September 4, 2020, Defendants filed their Answer to the Complaint. ECF No. 35.

F.      Discovery in the Action commenced in September 2020. Defendants and third parties produced more than 23,700 documents, totaling more than 200,400 pages, to Lead Plaintiff. Lead Plaintiff produced over 3,300 pages of documents to Defendants. Between October 7, 2021

and December 1, 2021, Lead Plaintiff deposed nine fact witnesses, including Defendants Zyskind and George Karfunkel, and numerous current and former senior executives or high-ranking employees of the Company. Lead Counsel also obtained and provided to Defendants documents produced by the Securities and Exchange Commission in response to Lead Counsel's Freedom of Information Act request and documents produced by the New York State Department of Financial Services in response to Lead Counsel's Freedom of Information Law request.

G. The Parties also served and responded to interrogatories and requests for admission and exchanged letters, including with respect to disputes between the Parties, concerning discovery issues, several of which were submitted to the Court for resolution.

H. On March 15, 2021, Lead Plaintiff filed his motion for certification of the Class ("Motion for Class Certification"). ECF Nos. 43-45. On April 30, 2021, Defendants opposed Lead Plaintiff's Motion for Class Certification. ECF Nos. 48-49. In connection with Lead Plaintiff's Motion for Class Certification, Defendants deposed Lead Plaintiff on April 15, 2021. On June 1, 2021, Lead Plaintiff filed reply papers in further support of the Motion for Class Certification. ECF No. 51-52.

I. On December 3, 2021, the Parties reached the deadline for the end of fact discovery.

J. On December 14, 2021, the Parties appeared before the Court for a status conference and for a pre-motion conference related to two anticipated discovery motions to be brought by Lead Plaintiff, which resulted, among other things, in Lead Plaintiff filing a formal motion related to one of the discovery issues, which the Parties fully briefed and which was fully submitted as of the date of this Stipulation. ECF Nos. 74-79, 81-84.

K.      On February 3, 2022, the Court granted Lead Plaintiff's Motion for Class Certification, appointing Lead Plaintiff as Class Representative and Lead Counsel as Class Counsel, and certifying a class defined as:

All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ("AmTrust"), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the "Excluded Persons") and the legal representatives, heirs, successors, or assigns of any such Excluded Person

(the "Certified Class").  ECF No. 80.

L.      Following the Court's ruling on Lead Plaintiff's Motion for Class Certification, the Parties' engaged in expert discovery.  Initial expert reports were exchanged on March 7, 2022. Plaintiff disclosed an expert report addressing damages by Prof. Steven P. Feinstein; Defendants disclosed an expert report addressing damages by Dr. Alok Khare and an expert report addressing certain securities issues by Paul Mottola.  Rebuttal reports were exchanged On April 6, 2022; Lead Plaintiff disclosed a rebuttal report by Prof. Feinstein, and Defendants disclosed a rebuttal report by Dr. Khare.

M.      In early 2021, the Parties agreed to engage in private mediation in an attempt to resolve the Action.  A mediation session before Robert Meyer was held on April 1, 2021, during the briefing on Lead Plaintiff's Motion for Class Certification.  Mr. Meyer is affiliated with JAMS

4

and has more than a dozen years' experience mediating complex business disputes, including numerous securities fraud class actions. In advance of mediation, the Parties exchanged mediation statements. The Parties were unable to reach a settlement on April 1, 2021.

N.     In early 2022, the parties agreed to resume mediation through Mr. Meyer and exchanged supplemental mediation statements addressing developments during discovery. After weeks of continued negotiations with the assistance of Mr. Meyer, Mr. Meyer issued a double-blind mediator's proposal that the Action be settled for $13,000,000 in cash, which the Parties accepted on April 19, 2022.

O.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

P.     Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

Q.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any and all wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action styled *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF).

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

6

(c) "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved for payment from the Net Settlement Fund by the Court.

(d) "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g) "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h) "Class" means the Certified Class, excluding any Person who satisfies the criteria for being a member of the Certified Class but validly and timely requests exclusion in accordance with the requirements set by the Court.

(i) "Complaint" means the pleading filed by Lead Plaintiff in the Action on August 30, 2019 (ECF No. 5).

(j) "Court" means the United States District Court for the Southern District of New York.

(k) "Defendants' Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP.

(l) "Defendants' Releasees" means Defendants and, as applicable, their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors,

7

assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

(m) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(n) "Escrow Account" means an account maintained at Huntington Bank wherein the Initial Settlement Amount Payment and the Remaining Settlement Amount Payment shall be deposited and held in escrow under the control of Lead Counsel. The Escrow Account shall require a signature from a partner of Lead Counsel to release any portion of the Settlement Fund.

(o) "Escrow Agent" means Huntington Bank. The Escrow Agent shall perform the duties set forth in this Stipulation.

(p) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q) "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is

8

granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order or report and recommendation issued with respect to (i) attorneys' fees, costs or expenses, or Plaintiff Service Award, or (ii) the Plan of Allocation (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(r)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(s)     "Initial Settlement Amount Payment" means the sum of one million dollars and no cents ($1,000,000) in cash.

(t)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)     "Litigation Expenses" means costs and expenses incurred in connection with investigating, commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

(v)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court, including a Plaintiff Service Award.

(w) "Notice" means the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(x) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to the Claims process and the Escrow Account.

(y) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(z) "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Class.

(aa) "Plaintiff Service Award" means an award to Lead Plaintiff by the Court for his service on behalf of the Class and for his reasonable costs and expenses (including lost wages) relating to the representation of the Class.

(bb) "Plaintiff's Releasees" means Lead Plaintiff and all other Class Members, and, as applicable, their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

(cc) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(dd)    "Postcard Notice" means the post-card sized Court-Ordered Legal Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 4 to Exhibit A.

(ee)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ff)    "Preferred Stock" means AmTrust's Series A preferred stock or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock.

(gg)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(hh)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(ii)    "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not cover, include, or release any of the following claims:

11

(i) claims relating to the enforcement of the Settlement; or (ii) claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

(jj) "Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that: (i) Lead Plaintiff or any other member of the Class (A) asserted in the Complaint or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in the Complaint, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment *and* (ii) relate to the purchase or sale of Preferred Stock during the Class Period. For the avoidance of doubt, Released Plaintiff's Claims do not cover, include, or release any claim, relief, damages, compensation, demands, suits, actions, injuries, losses, costs, expenses, and/or causes of action (i) asserted in any ERISA or derivative action; (ii) relating to the enforcement of the Settlement; (iii) of any person or entity who or which submits a request for exclusion that is accepted by the Court ("Excluded Plaintiff's Claims"); (iv) arising from the

12

purchase or sale of AmTrust's subordinated notes; (v) asserted in the dismissed consolidated putative class action styled *In re AmTrust Financial Services, Inc. Securities Litigation*, No. 1:17-cv-01545-LAK (S.D.N.Y.), on appeal as of the date of this Stipulation; (vi) asserted in the now-settled consolidated action styled *In re AmTrust Financial Services, Inc. Appraisal and Stockholder Litigation,* Consolidated C.A. No. 2018-0396-AGB (Del. Ch.).

(kk)  "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(ll)  "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(mm) "Remaining Settlement Amount Payment" means the sum of twelve million dollars and no cents ($12,000,000) in cash

(nn)  "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(oo)  "Settlement Amount" means the sum of the Initial Settlement Amount Payment and the Remaining Settlement Amount Payment, *i.e.*, thirteen million dollars and no cents ($13,000,000) in cash.

(pp)  "Class Member" means each person and entity who or which is a member of the Class.

(qq)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(rr)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ss) "Summary Notice" means the Summary Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(tt) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(uu) "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2. No later than twenty-seven (27) calendar days following the date of execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. Lead Plaintiff will provide Defendants' Counsel with drafts of the preliminary approval motion papers he intends to file no later than seven (7) calendar days in advance of the date of filing.

## RELEASE OF CLAIMS

3. The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims

15

against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiff's Claims.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiff's Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

6. Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7. In consideration for the full and final release, settlement, dismissal, and discharge of any and all Released Claims, the Parties have agreed to the following consideration:

(i) Within fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a taxpayer identification number for the

16

qualified settlement fund in which the Settlement Amount is to be deposited, Defendants shall pay or cause to be paid the Initial Settlement Amount Payment into the Escrow Account.

(ii)     Within fifteen (15) business days after the date on which the Court enters the Judgment, or Alternate Judgment if applicable, Defendants shall pay or cause their insurers to pay the Remaining Settlement Amount Payment into the Account.

8.     All funds held in the Account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to this Settlement and/or further order(s) of the Court.

9.     Other than Defendants' obligation to cause the deposit of the Settlement Amount into the Escrow Account pursuant to ¶ 7 above, Defendants and the other Defendants' Releasees shall have no obligation to make any payment into the Escrow Account pursuant to this Stipulation, and shall have no responsibility or liability with respect to the Escrow Account or the funds maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, allocation, or distribution of any portion of the Settlement Amount.

## USE OF SETTLEMENT FUND

10.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs, fees and awards approved by the Court, including a Plaintiff Service Award.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow

Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrators of

18

the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

14. The Settlement is not a "claims-made" settlement, *i.e.*, upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. To the extent that any amount of the Net Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance

19

remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost effective. If it is determined by Lead Counsel that the redistribution of funds remaining in the Net Settlement Fund is not cost effective, the remaining balance in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization to be recommended by Lead Counsel and approved by the Court.

15. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $350,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs actually incurred and paid or payable. Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs whether less than or exceeding $350,000. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, Notice, or Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall

20

not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment or reimbursement of Litigation Expenses, and a Plaintiff Service Award, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses or a Plaintiff Service Award is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses  awarded by the Court (whether by District Court order or Magistrate Judge report and recommendation), shall be paid to Lead Counsel immediately upon award and any Plaintiff Service Award shall be paid to Lead Plaintiff immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation (and Lead Plaintiff's obligation, but solely with respect to the Plaintiff Service Award) to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses or Plaintiff Service Award is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel (and Lead Plaintiff, but solely with respect to the Plaintiff Service Award) shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any

21

order reducing or reversing the award of attorneys' fees and/or Litigation Expenses and/or Plaintiff Service Award has become Final. An award of attorneys' fees, Litigation Expenses and/or Plaintiff Service Award is not a necessary term of this Stipulation and is not a condition or material term of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, Litigation Expenses and/or Plaintiff Service Award.

18. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses or Plaintiff Service Award. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel and the Plaintiff Service Award awarded to Lead Plaintiff shall be payable solely from the Escrow Account.

**NOTICE AND SETTLEMENT ADMINISTRATION**

19. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' and Defendants' Counsel's obligation to cooperate in the administration of the Settlement as set forth in this paragraph, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members, or Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall

22

cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including but not limited to Defendants providing, and, if applicable, Defendants instructing all applicable employees or agents (*e.g.*, transfer agents), to provide to Lead Counsel and the Claims Administrator in an electronic, searchable format, any existing lists (consisting of names, addresses, and if available, email addresses) of holders of Preferred Stock, or any other information related to the identity of potential Class members requested by Lead Counsel that is obtainable by Defendants without undue burden. Lead Counsel and the Claims Administrator are also authorized to contact any person or entity who they have reason to believe may be a Class Member, based on their review of any documents produced by Defendants during discovery, to advise such potential Class Members of this Action and this Settlement.

20.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to publish the Summary Notice in accordance with the terms of the Preliminary Approval Order to be entered by the Court. Lead Counsel shall cause the Claims Administrator to (a) publish the Notice and Proof of Claim Form in a form available for download (*i.e.*, PDF) on a website to be established by the Claims Administrator, and (b) mail or email a copy of the Notice and Proof of Claim Form to any Class Member that requests one by phone, email, or mail. The Notice, Proof of Claim Form, Summary Notice, and Postcard Notice shall be substantially in the form attached hereto.

21.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and

23

administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment,

if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

25.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim is

25

accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Court-approved plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

26

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a proportionately lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant who does not request to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but

otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

30.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, Defendants, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

32.      If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33.      The Effective Date of the Settlement shall be deemed to occur on the occurrence of all of the following events:

(a)      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

(c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)      Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)      the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.      Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as if this Stipulation had never been executed.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39 and ¶ 68, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or

30

such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36. It is further stipulated and agreed that Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or Plaintiff Service Award or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37. In addition to the grounds set forth in ¶ 36 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner

31

(other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38. In addition to the grounds set forth in ¶ 36 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 7 above, by providing written notice of the election to terminate to Defendants' Counsel, provided that Defendants shall have seven (7) days from Defendants' Counsel's receipt of such notice to cure any non-payment.

## <u>NO ADMISSION OF WRONGDOING</u>

39. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration

proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**EXCLUSIONS AND OBJECTIONS**

40.     Each Class Member shall be bound by all determinations and judgments in this Action, including, but not limited to, the releases provided for herein, whether favorable or unfavorable to the Class, unless such Class Member seeks exclusion from the Class.

41.     Certified Class Members wishing to exclude themselves shall deliver such requests to the Claims Administrator no later than twenty-one (21) calendar days prior to the Settlement Hearing (or other dates as prescribed by the Court), to the address designated in the Notice, and

33

pursuant to the instructions set forth in the Notice. The Certified Class Members seeking to exclude themselves from the Class shall bear the risk of delivery of the request.

42. Certified Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

43. Copies of all requests for exclusion shall be provided to Lead Counsel and Defendants' Counsel, as expeditiously as possible, but in no event later than three (3) business days after receipt by the Claims Administrator.

44. Any Class Member may file an objection or statement in support of the Settlement, the Plan of Allocation, the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, and/or the request for a Plaintiff Service Award. Any such objection or statement and any supporting papers shall be filed with the Court at least twenty-one (21) calendar days prior to the Settlement Hearing (or other date as prescribed by the Court), and also delivered by hand or email, with confirmation of receipt, to Lead Counsel and Defendants' Counsel, solely at the contact information identified in ¶ 66 by that same date.

45. Any such objection or statement must: (a) clearly indicate the Class Member's name, mailing address, daytime telephone number and e-mail address; (b) state whether the Class Member is seeking to be heard with respect to the proposed Settlement, Plan of Allocation, request for attorneys' fees, Litigation Expenses, and/or Plaintiff Service Award in *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF) (S.D.N.Y.); (c) specify the reason(s), if any, for the objection or statement, including any legal support for such objection or statement; (d) state the number of shares of Preferred Stock purchased and sold between January 22, 2018 and April 18, 2019, inclusive; (e) list the date(s) and price(s) of shares of Preferred Stock purchased and sold during this period; (f) provide written documentation (whether from the

34

objector's bank, broker or otherwise) of such trading; and (g) otherwise comply with the instructions set forth by the Court or in the Notice. In order to be considered, an objection also must be signed by the Class Member making the objection or by such Class Member's counsel. Attendance at the Settlement Hearing is not necessary. However, any persons wishing to be heard orally, either individually or through counsel of their own choice, in opposition to, or support of, the approval of the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for attorneys' fees and Litigation Expenses and/or Plaintiff Service Award, are required to indicate in a timely written objection or statement pursuant to ¶¶44-45 hereof their intention to appear at the Settlement Hearing and to include in such written objection or statement the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.

46. Class Members do not need to appear at the hearing or take any other action to indicate their approval. Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or statements of intention to appear at the Settlement Hearing that come into their possession.

47. Any Class Member who does not object to the Settlement, Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses and/or Plaintiff Service Award in the manner prescribed herein and in the Notice, shall be deemed to have waived such objection and their right to object to the Settlement, the Judgment, Alternate Judgment, the Plan of Allocation, any fee award or award of Litigation Expenses or Plaintiff Service Award, and shall forever be barred and foreclosed from making any objection to, otherwise be heard concerning the fairness, adequacy or reasonableness of the proposed Settlement, this

35

Order, the Judgment, the Plan of Allocation, any fee award or award of Litigation Expenses or Plaintiff Service Award in this or any other proceeding.

**MISCELLANEOUS PROVISIONS**

48.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

49.     Defendants represent that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent.  This representation is made by each of the Defendants and not by their counsel.

50.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 35  and any cash amounts in the Settlement Fund (less any Taxes paid, due or

36

owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 35 above.

51. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by a skilled and experienced mediator, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52. Should Lead Plaintiff or Lead Counsel issue, directly or indirectly, any press release regarding the Settlement or its terms, any such press release shall include a statement that Defendants deny any and all wrongdoing and the Settlement is not admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing.

53. While retaining the right to deny that the defenses asserted in the Action were meritorious, Lead Plaintiff and Lead Counsel agree not to make any statement to any media representative (whether or not for attribution) that the Action was defended in bad faith, nor will they deny that the Action was defended in good faith and is being settled voluntarily after consultation with competent legal counsel. While retaining their right to deny any wrongful conduct or liability or that the claims asserted in the Action were meritorious, Defendants and their

counsel agree not to make any statement to any media representative (whether or not for attribution) that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

54.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

55.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and a Plaintiff Service Award to Lead Plaintiff and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

57.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

58.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations,

38

warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

59.     This Stipulation may be executed in one or more identical counterparts, including by signature transmitted via facsimile, or by a .pdf or .tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

60.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

61.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

63.     This Stipulation shall not be construed against one Party merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

64.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken

pursuant to the Stipulation to effectuate its terms, and that they have reviewed all of the terms of the Settlement.

65.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

66.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:    Wolf Popper LLP
Attn:  Carl Stine, Esq.
845 Third Avenue
New York, NY 10022
Telephone:  (212) 759-4600
Email:  cstine@wolfpopper.com

If to Defendants:    Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Michael Carlinsky, Esq.
51 Madison Avenue
New York, NY 10010
Telephone:  (213) 443-3000
Email:  michaelcarlinsky@quinnemanuel.com

67.     Except as otherwise provided herein, each Party shall bear its own costs.

68.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts,

40

documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure is required by law.

69.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

70.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys and corporate representatives, as of June 22, 2022.

41

**WOLF POPPER LLP**

By: _Carl Stine_
    Carl L. Stine

845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email:  cstine@wolfpopper.com

*Lead Counsel for Lead Plaintiff
and the Class*


**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By: _Michael Carlinsky_
    Michael Carlinsky

51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Email:  michaelcarlinsky@quinnemanuel.com

*Counsel for Defendants*

42

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAN MARTÍNEK, | ) | |
| | ) | Case No. 19-cv-8030-KPF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| AMTRUST FINANCIAL SERVICES, INC., | ) | Hon. Katherine Polk Failla |
| BARRY D. ZYSKIND, GEORGE | ) | |
| KARFUNKEL, AND LEAH KARFUNKEL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23 AND PERMITTING NOTICE TO THE CLASS**

WHEREAS, the above-captioned securities class action (the "Action") is pending before this Court;

WHEREAS, By Order entered February 3, 2022, the Court certified a class in the Action consisting of: "All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ("AmTrust"), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock [collectively, the "Preferred Stock"] on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the "Excluded Persons") and the legal representatives, heirs, successors, or assigns of any such Excluded Person" (the "Certified Class"). "Class" means the Certified Class, excluding any Person who satisfies the criteria for being a member of the Certified Class but validly and timely requests exclusion in accordance with the requirements set by the Court;

WHEREAS, Lead Plaintiff and Class Representative, Jan Martínek ("Lead Plaintiff"), on his own behalf and on behalf of the Class and defendants AmTrust Financial Services Inc. ("AmTrust" or the "Company"), Barry D. Zyskind, George Karfunkel and Leah Karfunkel (collectively, "Defendants") determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June __, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has moved, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

1. **Preliminary Approval of the Settlement**: The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on_____, 2022, at : _____ _.m., either in person at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007 or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the request by Lead Counsel for an award of attorneys' fees and Litigation Expenses and for a Plaintiff

Service Award ("Lead Counsel's Requests") should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the Settlement Website, as defined and referenced in paragraph 4(c) of this Order. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator"), to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Class Member claims for payment as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) business days after the date of entry of this Order, AmTrust (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) shall provide or cause to be provided to Lead Counsel or the Claims Administrator in an electronic, searchable format, any existing lists (consisting of names, addresses, and if available, email addresses) of holders of Preferred Stock and, upon request by Lead Counsel, any

other information related to the identity of potential Class members requested by Lead Counsel that is obtainable by Defendants without undue burden;

(b) beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 4 to Exhibit A, to be mailed by first-class mail or emailed to potential Class Members at the addresses set forth in the records provided or caused to be provided by AmTrust, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the longform notice ("Notice"), Claim Form, and Postcard Notice (substantially in the forms attached to the Stipulation as Exhibits 1, 2 and 4 to Exhibit A), as well as the Stipulation, the Complaint, the Court's Opinion and Order denying Defendants' motion to dismiss the Complaint, the Court's Opinion and Order granting Lead Plaintiff's motion for class certification, and a copy of this instant Order to be posted on a website to be developed for the Settlement (the "Settlement Website"), from which copies of such documents can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit 3 to Exhibit A, to be published once over *PR Newswire* or a similar wire service with similar reach;

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Claim Form, and the Summary Notice, attached hereto and (b) finds that the method of mailing and making available such documents set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action; the Class Certification Order; the effect of the proposed Settlement (including the Releases to be provided thereunder); Lead Counsel's Requests; Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's Requests; their right to exclude themselves from the Class; and their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Preferred Stock during the Class Period shall: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notices, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such

beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **<u>CAFA Notice</u>** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8.      **<u>Participation in the Settlement</u>** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein and in the Notice. Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **<u>Exclusion From the Class</u>** – Any member of the Certified Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the exclusion address set forth in the Notice and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF) (S.D.N.Y.)"; (iii) state the number of shares of Preferred Stock that the person or entity requesting exclusion purchased/acquired and/or sold between January 22, 2018 and April 18, 2019, inclusive, including the dates, number of shares, and prices of each purchase/acquisition and sale of Preferred Stock during this period; (iv) be signed by the person or entity requesting exclusion or an authorized representative; (v) and otherwise comply with the instructions set forth in the Notice. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional information or documentation sufficient to prove his, her, or its holdings and trading in Preferred Stock.

12.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund.

13.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

14.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

15.     Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Requests and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Requests should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation,

and/or Lead Counsel's Requests unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Wolf Popper LLP | Quinn Emanuel Urquhart & Sullivan, LLP |
| Carl L. Stine, Esq. | Michael Carlinsky, Esq. |
| 845 Third Avenue, 12th Floor | 51 Madison Avenue, 22nd Floor |
| New York, NY 10022 | New York, New York 10010 |

16.    Any objections, filings, and other submissions by the objecting Class Member must: (a) identify the case name and docket number, *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF) (S.D.N.Y.); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector or the objector's counsel; (c) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (d) include documents sufficient to prove membership in the Class, including the number of shares of Preferred Stock that the objecting Class Member purchased/acquired and/or sold between January 22, 2018 and April 18, 2019, inclusive, including the dates, number of shares, and prices of each purchase/acquisition and sale of Preferred Stock during this period; and (e) otherwise comply with the instructions set forth in the Notice. The objecting Class Member must provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's

broker containing the transactional and holding information found in a broker confirmation slip or account statement.

17. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, email address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

18. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Requests and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or Lead Counsel's Requests, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or Lead Counsel's Requests in this or any other proceeding.

19. **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from prosecuting any and all of the Released Plaintiff's Claims against the Defendants' Releasees.

20. **Settlement Administration Fees and Expenses** – All costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation.

24. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the

Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount

which could be or would have been recovered after trial; provided, however, that, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Settlement.

25. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Requests no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26. **<u>Jurisdiction</u>** – The Court retains jurisdiction to consider all further application arising out of or connected with the proposed Settlement.

SO ORDERED this     day of     , 2022

_____
KATHERINE POLK FAILLA
United States District Judge

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAN MARTÍNEK,<br><br>             Plaintiff,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC.,<br>BARRY D. ZYSKIND, GEORGE KARFUNKEL,<br>and LEAH KARFUNKEL,<br>             Defendants. | **Case No. 19 Civ. 8030 (KPF)** |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT[1]

**If you purchased AmTrust Financial Services Inc. ("AmTrust") preferred stock on a U.S. open market between January 22, 2018, and January 18, 2019, inclusive (the "Class Period"), and are not otherwise excluded from the Class (see Question 6 below) you could receive a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This Longform Notice of Proposed Class Action Settlement ("Notice") is given pursuant to an order issued by the United States District Court for Southern District of New York (the "Court"). This Notice is informing you of the proposed settlement of the above-captioned class action lawsuit (the "Litigation") for $13,000,000.00 in cash (the "Settlement") and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation by and between Lead Plaintiff Jan Martínek ("Lead Plaintiff") and the Class (defined herein), on the one hand, and AmTrust, and Individual Defendants Barry D. Zyskind, George Karfunkel, and Leah Karfunkel (collectively with AmTrust, "Defendants"), on the other hand.

- The Settlement resolves a lawsuit in which Lead Plaintiff alleged alleges that Defendants committed securities fraud in connection with statements related to whether AmTrust's Series A preferred stock or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock (hereinafter, the "Preferred Stock") would continue to be listed on the New York Stock Exchange ("NYSE") following the Individual Defendants' purchase of all of AmTrust's common stock that they did not already own, and that the Class suffered losses as a result. Defendants expressly deny all charges of wrongdoing or liability.

- This Notice is intended to inform you of the proposed Settlement and what steps you may take in relation to it. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation or that Defendants engaged in any wrongdoing.

- Based on Lead Plaintiff's damages expert's estimate of the number of shares of Preferred Stock purchased or acquired during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that **all** Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, costs, or other awards as described in this Notice) is $1.38, $1.48, $1.68, $1.49, $1.61, and $1.42 per affected share of Class A, Class B, Class C, Class D, Class E and Class F Preferred Stock. Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their stock, and the total number and value of valid Proof of Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth below or such other plan of allocation as may be ordered by the Court.

- The Parties disagree on both liability and damages and do not agree on the amount of damages per security, if any, that would be recoverable if Lead Plaintiff were to prevail in the Litigation. Defendants deny that the Class has suffered any damages.

- Lead Counsel have litigated this matter on a contingent basis and advanced all costs and expenses incurred on behalf of the Class. They will ask the Court for attorneys' fees up to $4,332,900.00 (33.33% of the Settlement Fund) and reimbursement of costs and expenses of up to $460,000.00 for their work litigating the case and negotiating the Settlement, and a Plaintiff Service Award (described below) of up to $15,000 (collectively, "Lead Counsel's Requests"). If approved, these amounts will be deducted from the $13,000,000.00 Settlement Amount. Assuming Lead Counsel makes the requests in the amounts reflected above, and assuming Counsel requests the maximum amounts reflected above and the Court grants these requests in full, the estimated net average recovery

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated June __, 2022 (the "Stipulation"), available on the Settlement Website. All capitalized terms used, but not defined herein, shall have the same meaning as in the Stipulation.

from the Settlement would be $0.87, $0.93, $1.06, $0.94, $1.01, and $0.89 per affected share of Class A, Class B, Class C, Class D, Class E and Class F Preferred Stock (assuming claims are submitted on behalf of **all** shares).

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM, <u>POSTMARKED</u> NO LATER THAN _____, 2022** | You must submit a Proof of Claim Form (synonymous with "Claim Form"), either by mail or online, pursuant to the instructions below, to receive a payment under the Settlement. If you submit a Claim Form and supporting documentation, the Claims Administrator – A.B. Data, Ltd. – will determine if you are entitled to a payment under the Settlement. |
| **OBJECT TO THE SETTLEMENT OR ANY RELATED ASPECT, TO BE <u>RECEIVED</u> NO LATER THAN _____, 2022** | If you do not like the proposed Settlement, the Plan of Allocation, or any of Lead Counsel's Requests, you may write to the Court and explain why. Even if you object to the Settlement, you can still submit a Claim Form as long as you do not opt out. You must submit a Claim Form if you want money from the Settlement Fund. |
| **SUBMIT A REQUEST FOR EXCLUSION, TO BE <u>RECEIVED</u> NO LATER THAN _____, 2022** | If you exclude yourself (i.e. "opt out") from this case, you will not get any of the benefits of the Settlement (i.e., no money from the Settlement Fund). But you will retain the right to sue Defendants on your own, at your own expense, relating to the statements they made during the Class Period. |
| **GO TO THE HEARING** | You may ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, or any of Lead Counsel's Requests. |
| **DO NOTHING** | If you do nothing, you will not get any money from the Settlement Fund, AND you give up all your rights to sue Defendants on your own about the legal issues in this case. |

For more information, please 1) visit the Settlement Website at www.AmTrustPreferredStockLitigation.com; 2) or contact the Claims Administrator at AmTrust Preferred Stock Litigation, c/o A.B. Data, Ltd., P.O. Box [NUMBER] Milwaukee, WI 53217 or at [PHONE] (Toll Free) or at info@AmTrustPreferredStockLitigation.com; 3) or contact Lead Counsel, Carl L. Stine of Wolf Popper LLP at 845 Third Avenue, New York, New York 10022 or at (212) 759-4600).

## BASIC INFORMATION

### 1. Why did I get this Settlement Notice package?

You or someone in your family may have purchased or otherwise acquired AmTrust Preferred Stock during the Class Period. The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement and Lead Counsel's Requests. If the Court approves the Settlement and any appeals are resolved, the court-approved Claims Administrator will make the payments that the Settlement allows.

### 2. What is this lawsuit about?

This is a class action against Defendants for alleged violations of federal securities laws, specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j and 78t) and SEC Rule 10b-5.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is titled *Jan Martínek, v. AmTrust Financial Services Inc., et al.,* Case No. 19 Civ. 8030 (KPF) (the "Litigation"). The Litigation is overseen by the United States District Judge Katherine Polk Failla.

On November 18, 2019, the Court appointed Jan Martínek as "Lead Plaintiff" under the Private Securities Litigation Reform Act of 1995.

Lead Plaintiff's Class Action Complaint (the "Complaint"), filed on August 28, 2019 alleged, among other things, that during the period between January 22, 2018 and January 18, 2019, both dates inclusive (the "Class Period"), Defendants made materially false and misleading

statements or omissions related to whether AmTrust's Preferred Stock would remain listed on the NYSE following the closing of a transaction whereby AmTrust, the common shares of which were then publicly traded, would be taken private by the Individual Defendants. The Complaint further alleged that Defendants' alleged misrepresentations caused the prices of Preferred Stock to be inflated during the Class Period and to decline when the alleged truth emerged on January 18, 2019, resulting in financial losses to those who purchased or acquired the preferred securities at the inflated prices. Lead Plaintiff sought to recover money and other relief for the Class.

On August 14, 2020, the Court issued an Opinion and Order denying Defendants' motion to dismiss the Complaint. On February 3, 2022, the Court issued an Opinion and Order granting Lead Plaintiff's motion to certify this Litigation as a class action. (See Question 5 below).

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Litigation. Defendants also have denied and continue to deny the allegations that Lead Plaintiff or Class Members have suffered damages.

The Court has not decided whether Defendants or Lead Plaintiff are correct. By ordering that this Notice be issued, the Court is not suggesting that Lead Plaintiff would win or lose this case.

## 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Jan Martínek) sue on behalf of people who have similar claims. All persons (which means both natural persons and entities) with similar claims are called a "class" or "class members." Bringing a case, such as this one, as a class action allows the collective adjudication of many similar claims that might be economically too small to bring in individual actions. One Court resolves the issues for all class members, except for those who exclude themselves from the class. The Court certified the Class in this Litigation on February 3, 2022 (See Question 5 below).

## 4. Why is there a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, the lawyers for both sides have negotiated a Settlement that they believe is in the best interests of their respective clients, following the close of extensive fact discovery (including the deposition of Lead Plaintiff and depositions of nine witnesses affiliated with AmTrust, including Defendant Zyskind and Defendant George Karfunkel), and during the pendency of expert discovery, with the aid of a professional mediator. The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation, trial, and appeals, and permits Class Members to participate in the proposed Settlement, and sooner than if the case had proceeded through trial and appeals.

**Lead Plaintiff's and Lead Counsel's Reasons for Settlement:** In order to succeed at trial, Lead Plaintiff would have to prove, among other things, all essential elements of a violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j and 78t) and SEC Rule 10b-5 with respect to the false statements or omissions, including that (a) the alleged false statements or omissions were materially false or misleading; (b) Defendants acted with actual knowledge or recklessness (*i.e.* scienter) as to the falsity or misleading nature of the statements; and (c) Plaintiff and other Class Members suffered loss and were damaged as a result of Defendants' alleged conduct.

Lead Plaintiff and Lead Counsel anticipate that Defendants would seek to prove that Defendants did not violate any provision of the Exchange Act, including because the alleged statements or omissions were not materially false or misleading, Defendants did not act with the required scienter, and that their allegedly misleading statements or omissions did not cause Class Members damages (or that damages were significantly less than those claimed by Lead Plaintiff and his damages expert).

Lead Plaintiff and Lead Counsel believe that Lead Plaintiff would be successful in defeating any summary judgment motion made by Defendants and would be successful at trial. However, there is a risk that Defendants would be partially or fully successful at summary judgment or at trial in proving that the false statements or omissions were not materially false or misleading or were not made with the requisite scienter, that Defendants would be successful in proving that the Class was not damaged or that damages were significantly less than what Lead Plaintiff claims, or that Defendants would appeal any decisions in favor of Lead Plaintiff to the Second Circuit Court of Appeals, inviting further delay and risk in this litigation. Moreover, Lead Plaintiff and Lead Counsel recognizes the time, expense, and resources that a protracted trial would require, the uncertain outcome and the risk of any litigation, especially in complex actions such as this, and the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Accordingly, and as explained below, Lead Plaintiff and Lead Counsel think that the Settlement is best for all Class Members.

**Defendants' Denial of Wrongdoing and Liability**: Defendants are entering into this Settlement solely to avoid the burden, inconvenience, and expense associated with continuing the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, and/or omissions alleged in the Litigation. Defendants also have denied and continue to deny the allegations that Lead Plaintiff or Class Members have suffered damage or were otherwise harmed by the conduct alleged in the Litigation. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHO IS PART OF THE SETTLEMENT?

## 5. How do I know if I am a Class Member and part of the Settlement?

On February 3, 2022, the Court issued an order granting Lead Plaintiff's motion for class certification, and, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, entered an order certifying the following plaintiff class (the "Class"):

> All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ("AmTrust"), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive, excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the "Excluded Persons") and the legal representatives, heirs, successors, or assigns of any such Excluded Person.

If one of the mutual funds in which you are invested purchased or otherwise acquired AmTrust Preferred Stock during the Class Period, that does not make you a Class Member. Contact your broker to see if you fall within the definition of a Class Member.

If you **sold** but did not purchase or otherwise acquire Preferred Stock during the Class Period, you are not a Class Member. You are a Class Member only if you purchased Preferred Stock on a U.S. open market during the Class Period.

**The Class definition does not include purchases of AmTrust common stock or subordinated notes.**

| **6. Are there exceptions to being included?** |
| --- |

Yes. Excluded from the Class and the Settlement are the Excluded Persons defined in the previous question. Also excluded from the Class and the Settlement are those persons who timely and validly request exclusion ("opt out") from the Class in accordance with the instructions provided in this Notice and set forth by the Court.

| **7. What if I am still not sure if I am included?** |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator or Lead Counsel at the information provided on p. 2.

## WHAT ARE THE SETTLEMENT BENEFITS?

| **8. What does the Settlement provide?** |
| --- |

Defendants have agreed to pay, or cause to be paid, $13,000,000 in cash (the "Settlement Amount"). The Settlement Amount, plus interest earned from the date it is established (the "Settlement Fund"), less costs, fees, expenses, and awards (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid and timely Proof of Claim Forms ("Authorized Claimants"). Costs, fees, expenses and awards include Court-approved attorneys' fees and Litigation Expenses, certain Notice and Administration Costs, including the costs of printing and mailing the notice documents to the Class, and the costs of claims administration; Taxes; and the Plaintiff Service Award.

In return, the Parties have agreed to dismiss the Litigation and Lead Plaintiff and all Class Members who do not exclude themselves from the Class agree to release, relinquish, all "Released Plaintiff's Claims" against Defendants and "Defendants' Releasees," whether or not Class Members submit timely and valid Proof of Claim Forms. Further information related to these definitions and the releases provided for in the Settlement—which you are strongly encouraged to read carefully—is available at Question 13 below and in the Stipulation, available on the Settlement Website.

## PLAN OF ALLOCATION

| **9. How will the Settlement be allocated among Class Members?** |
| --- |

If the Settlement becomes Effective, the Net Settlement Fund will be distributed to the Class according to a plan of allocation to be approved by the Court. As discussed above, the Settlement provides $13,000,000 in cash for the benefit of the Class. The Settlement Fund, after deduction of Court-approved fees, expenses, costs, taxes or awards, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, members of the Class who timely submit valid Proof of Claim and Release forms that are accepted for payment by the Court—in accordance with the plan of allocation proposed in the paragraphs immediately below (the "Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on www.AmTrustPreferredStockLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis and the calculations made in accordance with the Plan of Allocation are not equivalent to what Class Members would have recovered after a trial. Nor are the calculations in accordance with the Plan of Allocation estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed based on Lead Plaintiff's damages consultant's estimated amount of alleged artificial inflation in the per

share prices of Preferred Stock that was caused by Defendants' allegedly false or misleading statements or omissions. In calculating the estimated artificial inflation allegedly caused by those statements or omissions, Plaintiff's damages consultant considered the price changes in Preferred Stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentations and omissions, and considered whether any of the price changes were attributable to non-fraud related information.

In this case, Lead Plaintiff alleges that Defendants' allegedly false statements or omissions during the period from January 22, 2018, through and including January 18, 2019, had the effect of artificially inflating the price of Preferred Stock.[2]

In order to have a "Recognized Loss" under the Plan of Allocation, shares of Preferred Stock must have been purchased or otherwise acquired during the Class Period and not sold before January 18, 2019.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Preferred Stock on a U.S. open market during the Class Period that is listed on the Proof of Claim and Release form and for which adequate documentation is provided. Such "Recognized Loss Amounts" will be calculated separately for each series of Preferred Stock and then aggregated across all of an Authorized Claimant's purchases or acquisitions of all series of Preferred Stock during the Class Period to determine the total "Recognized Loss" for each Authorized Claimant.

Under Lead Plaintiff's theory of the case, any Class member who was a net seller during the Class Period of shares in any individual series of Preferred Stock (regardless of when those shares were purchased), avoided a loss on those net shares by selling those net shares during the Class Period at an inflated price, before the release of the allegedly corrective information at the end of the Class Period. Thus, any loss avoided with respect to any series of Preferred Stock will be offset against that Class member's Recognized Loss Amount on any other series of Preferred Stock on which that Class member has a Recognized Loss Amount, in calculating that Class members' Recognized Loss Amount. The offset shall be equal to the net shares sold during the Class Period with respect to each series of Preferred Stock multiplied by the lesser of (i) the inflation per share with respect to that series of Preferred Stock (set forth in footnote or 2) the sale price of those shares per share minus the 90-day average trading price of that series of Preferred Stock starting on January 22, 2019 (*see* footnote 3)

The Recognized Loss Amount with respect to each individual series of Preferred Stock shall be calculated as follows: Preferred Stock purchased or otherwise acquired between January 22, 2018 and January 18, 2019 with respect to each series of Preferred Stock, and:

(a) Sold during the Class Period (January 22, 2018 through January 18, 2019), inclusive, the Recognized Loss Amount per share is zero.

(b) Held at the end of trading on January 18, 2019, and sold during the 90-day trading period after the end of the Class Period (which begins on January 22, 2019, the first trading day after January 18, 2019), the Recognized Loss Amount is that number of net shares purchased during the Class Period with respect to each series of Preferred Stock multiplied by the lesser of:

a. The inflation per share with respect to each series of Preferred Stock (set forth in footnote 3)[3]; or

b. the difference between the purchase or acquisition price per share and the mean per-share closing price of that series of Preferred Stock between the first trading day after the end of the Class Period through the date of sale of that series of Preferred Stock, as found in Table A, which is available on the Settlement Website.[4]

(c) Held through April 18, 2019 (the last day of the 90-day period after the Class Period), the Recognized Loss Amount shall be the lesser of:

a. The inflation per share with respect to each series of Preferred Stock (set forth in footnote 3); or

b. the difference between the purchase or acquisition price per share and the average closing price of that series of Preferred Stock between January 22, 2019 and April 18, 2019, as found in Table A (*see* footnote 3).

The Plan of Allocation also includes the following provisions:

---

[2] Any transactions in Preferred Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[3] The damages consultant estimated losses per share for each series of Preferred Stock as follows:

Series A: $5.15; Series B: $5.32; Series C: $6.39; Series D: $5.26; Series E: $6.06; Series F: $5.16.

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market. [However,] "if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Preferred Stock during the 90-day look-back period. The mean (average) closing price during this 90-day look-back period is shown in Table A.

1. There shall be no Recognized Loss Amount attributed to any Preferred Stock purchased on a foreign (non-U.S.) exchange.

2. The calculation of Recognized Loss shall be made separately with respect to each series of Preferred Stock and then aggregated for each Class member.

3. Purchases or acquisitions and sales of Preferred Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Preferred Stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Preferred Stock for the calculation of a Recognized Loss Amount, unless (i) the donor or decedent purchased or otherwise acquired such shares of Preferred Stock during the Class Period; (ii) no Proof of Claim and Release form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Preferred Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

4. The following matching principle will be applied if you have both purchases/acquisitions and sales of Preferred Stock during the Class Period. If a Class Member made multiple purchases, acquisitions, or sales of a series of Preferred Stock during or after the Class Period, the Preferred Stock sold will be matched, in chronological order, against the first Preferred Stock of that series purchased or acquired during the Class Period regardless of the order of the transaction (First-in, First-Out, or "FIFO"). Thus, a share sold during the Class Period may be matched against a subsequent share purchased during the Class Period. Based on Lead Plaintiff's theory of the case, both transactions would have been effectuated at an inflation price, and the order of the transactions is irrelevant to its economic consequences. Shares purchased prior to the Class Period and held as of the beginning of the Class Period shall not be considered in the Recognized Loss calculation other than with respect to the calculation of net shares sold during the Class Period.

5. Class Members who do not submit a valid and timely Proof of Claim and Release form will not share in the Settlement proceeds, but will nevertheless be bound by the Settlement, the Final Judgment or Alternative Judgment (if applicable) of the Court dismissing this Litigation, and the Releases provided therein.

6. If you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Defendants' Parties.

7. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater. Consequently, no cash payment will be made on a claim where the potential distribution amount is less than $10.00.

8. If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

## 10. How much will my payment be?

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among the Authorized Claimants and distributed accordingly (the "Distribution Amount") after the deadline for submission of Proof of Claim Forms has passed.

To the extent that any amount of the Net Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost effective. If it is determined by Lead Counsel that the redistribution of funds remaining in the Net Settlement Fund is not cost effective, the remaining balance in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization to be recommended by Lead Counsel and approved by the Court.

## HOW CAN YOU RECEIVE A PAYMENT?

## 11. How can I get a payment?

To qualify for a payment, you must be an eligible Class Member and either mail in or submit online a valid and timely Proof of Claim Form. You may download a Proof of Claim Form from the Settlement Website, www.AmTrustPreferredStockLitigation.com or by contacting the Claims Administrator at the contact information on page 2 of this Notice. Read the instructions carefully, fill out the Proof of Claim Form, include all the documents the form asks for, sign it, and mail it so it is **postmarked no later than _____, 2022 or submit it online no later than [same date]**, to the Claims Administrator (address provided on page 2). Any Class Member who fails to submit a Proof of Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Class Member's Proof of Claim Form is accepted), but otherwise shall be bound by all of the terms of the

Stipulation and the Final Judgment or Alternative Judgment (if applicable), including the Releases therein, and will be permanently barred and enjoined from asserting any of the Released Claims against any of the Released Defendants' Parties. **You cannot submit your Proof of Claim Form by telephone, fax, or email.**

## 12. When would I get my payment?

The Court will hold a hearing on _____, 2022, to decide whether to approve the Settlement. The Court may change the date and time of the Settlement Hearing without notice or hold the Settlement Hearing by telephonic or video conference. Any change to the Settlement Hearing will be posted on the Settlement Website. Please check the Settlement Website before attending to be sure that the date and/or time has not changed. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process.

## 13. What am I giving up as a Class Member?

Unless you exclude yourself, you are a Class Member. That means that you may receive your *pro rata* share of the Net Settlement Fund if you fill out and submit a valid Proof of Claim Form. However, regardless of whether you submit a valid Proof of Claim Form, upon the Effective Date of the Settlement (defined in the Stipulation) you will release all "Released Claims." Pertinent definitions from the Stipulation related to the Released Claims, which you are encouraged to read carefully, are repeated below:

"Defendants' Releasees" means Defendants and, as applicable, their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

"Plaintiff's Releasees" means Lead Plaintiff and all other Class Members, and, as applicable, their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

"Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

"Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not cover, include, or release any of the following claims: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

"Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that: (i) Lead Plaintiff or any other member of the Class (A) asserted in the Complaint or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in the Complaint, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and (ii) relate to the purchase or sale of Preferred Stock during the Class Period. For the avoidance of doubt, Released Plaintiff's Claims do not cover, include, or release any claim, relief, damages, compensation, demands, suits, actions, injuries, losses, costs, expenses, and/or causes of action (i) asserted in any ERISA or derivative action; (ii) relating to the enforcement of the Settlement; (iii) of any person or entity who or which submits a request for exclusion that is accepted by the Court ("Excluded Plaintiff's Claims"); (iv) arising from the purchase or sale of AmTrust's subordinated notes; (v) asserted in the dismissed consolidated putative class action styled *In re AmTrust Financial Services, Inc. Securities Litigation,* No. 1:17-cv-01545-LAK (S.D.N.Y.), on appeal as of the date of the Stipulation; (vi) asserted in the now-settled consolidated action styled *In re AmTrust Financial Services, Inc. Appraisal and Stockholder Litigation*, Consolidated C.A. No. 2018-0396-AGB (Del. Ch.).

"Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

"Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

"Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or

suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court appointed the law firm of Wolf Popper LLP as "Lead Counsel" to represent all Class Members.  You will **not** be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Lead Counsel will ask the Court to award attorneys' fees from the Settlement Fund in an amount not to exceed $4,332,900.00 (i.e., 33.33% of the Settlement Fund) and reimbursement of costs and expenses of up to $460,000.00 for their work litigating the case and negotiating the Settlement, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund).

The Attorneys' Fees and Expenses requested will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel have not been paid for their services in conducting this Litigation on behalf of Lead Plaintiff and the Class or for their substantial out-of-pocket expenses.  The fees and expenses requested will compensate Lead Counsel for their work in obtaining the Settlement Amount for the Class.  The Court may, however, award less than this amount.  In that case, the difference will remain in the Net Settlement Fund.  Lead Counsel will also seek a Plaintiff Service Award payment of up to $15,000 to be paid to Lead Plaintiff for his service on behalf of the Class and for his reasonable costs and expenses (including lost wages) relating to the representation of the Class.

## OPTING OUT OR OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I do not like the proposed Settlement or any of Lead Counsel's Requests?

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, the request by Lead Counsel for an award of fees and reimbursement of expenses, or the request for a Plaintiff Service Award.  You may write to the Court setting out your objections.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements and submit any documentation you believe is appropriate.  The Court will only consider your views if you file a proper objection within the deadline identified and according to the following procedures.

To object, you must send a signed letter or other court submission stating that you object to the proposed Settlement in *Jan Martinek, v. AmTrust Financial Services Inc., et al.,* Case No. 19 Civ. 8030 (KPF). You must include your name, mailing address, daytime telephone number, email address, and signature.  The objection must be signed under penalty of perjury personally by the objecting Class Member.  In addition, your objection must be accompanied by documentation showing the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of any series of Preferred Stock you made between **January 22, 2018 and April 18, 2019**, inclusive.  Further, your objection should state the reasons why you object to the Settlement and be accompanied by any legal support or evidence that you wish the Court to consider.  Your objection must be filed with the Court at the following address so that it is **received on or before _____, 2022**: Clerk of the Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

Copies of any such objections or other court submissions must also be mailed by first-class mail to:

Carl Stine, Esq., Wolf Popper LLP, 845 Third Avenue, New York, NY 10022 (Lead Counsel)

Michael Carlinsky, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, Madison Avenue, New York, NY 10010 (Defendants' Counsel)

### 17. How do I opt out of the Class?

If you wish to "opt out," i.e., exclude yourself from the Class and the Settlement, you must mail your request for exclusion to the Claims Administrator so that it is received no later than _____ at the following address: AmTrust Preferred Stock Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box _____, Milwaukee, WI 53217.   You bear the risk of delivery of the request. Your request must clearly state the name, address, and telephone number of the Class Member seeking exclusion, that the Class Member requests to be excluded from the Class, and must be signed by the Class Member. All persons requesting exclusion also must state: the date(s), price(s), and number(s) of

shares of Preferred Stock they purchased and sold between **January 22, 2018 and April 18, 2019**, inclusive. Requests for exclusion must comply with these requirements in order to be valid and effective. If you opt out, you **cannot** receive any payment from the Settlement and you also **cannot** object to the proposed Settlement, because it does not affect you.

If you properly exclude yourself from the Class, you will not be bound by any judgment in this Litigation, but you will also not be entitled to share in any recovery. If you properly request exclusion, it will be for you to decide whether to pursue any individual lawsuit, claim, or remedy that you may have, at your own expense. However, claims for violations of the Exchange Act, such as those claims alleged by Lead Plaintiff in the Complaint, must be brought no later than the earlier of (1) two years after the discovery of the facts constituting the violation (the statute of limitations), or (2) five years after such violation (the statute of repose). While the time to bring a lawsuit under the statute of limitations may be stayed under certain circumstances, such as a pending class action litigation, the statute of response deadline cannot be stayed. If you wish to exclude yourself from the Class and intend to pursue an individual lawsuit, you should consult your own attorney concerning the impact of the statute of limitations or statute of repose on your claims before you submit a request for exclusion. If you exclude yourself and a court determines the statute of limitations or statute of repose have expired, you will not be able to bring your own individual lawsuit. Lead Plaintiff, Lead Counsel and Defendants and their counsel give no opinion on whether the statute of limitations or statute of repose have expired or whether those persons who exclude themselves from the Class may timely bring individual litigations.

Defendants have the right to terminate the Settlement if valid opt-out requests are received from person entitled to be members of the Class in an amount that exceeds an agreed-to threshold by Lead Plaintiff and Defendants.

## THE COURT'S SETTLEMENT HEARING

### 18. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at _____ on _____, 2022, before the Honorable Katherine Polk Failla in Courtroom _____ of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, 10017. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation, and Lead Counsel's Requests. The Court will take into consideration any written objections and will listen to Class Members who have asked to speak at the hearing. The Court may change the date and time of the Settlement Hearing without notice or hold the Settlement Hearing by telephonic or video conference, however any change to the Settlement Hearing will be posted on the Settlement Website. Please check the Settlement Website before attending to be sure that the date and/or time has not changed.

### 19. Do I have to come to the hearing?

No. Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

### 20. May I speak at the hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must indicate in writing that it is your "Intention to Appear in *Jan Martínek, v. AmTrust Financial Services Inc., et al.,* Case No. 19 Civ. 8030 (KPF)" Class Members who object and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence. You cannot speak at the hearing if you excluded yourself from the Class or if you fail to provide a written objection and notice of your intention to speak at the Settlement Hearing by the deadline identified.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will get no money from this Settlement and, unless you excluded yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or Defendants' Releasees about the claims being released in the Settlement. All Class Members who do not submit valid and timely Proof of Claim Forms shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and any Final Judgment or Alternative Judgment (if applicable) entered, including the releases set forth above.

## GETTING MORE INFORMATION

### 22. Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may obtain a copy of the Stipulation, and other documents and information related to the Settlement by visiting the settlement website www.AmTrustPreferredStockLitigation.com. You may also contact the Claims Administrator or Lead Counsel using the contact information identified on p.2. The pleadings and other court

filings in the Litigation are available for inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, 10007. The Complaint and certain other Court documents are also available on the Settlement Website.

**DO NOT TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

## SPECIAL NOTICE TO NOMINEES

If you hold Preferred Stock pursuant to a transaction that took place within the United States within the Class Period as nominee for a beneficial owner, then you must either: (1) send a copy of the Postcard Notice (available on the Settlement Website) by first-class mail to all such persons or entities within ten (10) days of receipt of this Notice; or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator at the address provided on page 2, above, within ten (10) days of receipt of this Longform Settlement Notice.

If you choose to mail the Postcard Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of the Postcard Notice documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs (not to exceed $0.05 per unit) actually incurred or expected to be incurred in connection with forwarding the Postcard Notice, and which would not have been incurred but for the obligation to forward the Postcard Notice, upon submission of appropriate documentation to the Claims Administrator.

Dated: _____, 2022        BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAN MARTÍNEK,<br><br>                    Plaintiff,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC.,<br>BARRY D. ZYSKIND, GEORGE KARFUNKEL,<br>and LEAH KARFUNKEL,<br><br>                    Defendants. | **Case No. 19 Civ. 8030 (KPF)** |

**PROOF OF CLAIM AND RELEASE FORM[1]**
*THIS FORM MUST BE SUBMITTED ONLINE AT*
*WWW.AMTRUSTPREFERREDSTOCKLITIGATION.COM NO LATER THAN _____, 2022 OR, IF*
*MAILED, BE POSTMARKED BY [SAME DATE].*

 If you purchased AmTrust Financial Services Inc. ("AmTrust") preferred stock on a U.S. open market between January 22, 2018, and January 18, 2019, inclusive (the "Class Period"), you may be entitled to recover a portion of a Settlement Fund established in connection with a proposed Settlement of the above-captioned Action (the "Litigation").

**I.    GENERAL INSTRUCTIONS**

It is important that you completely read and understand the Notice of Proposed Class Action Settlement, available at *www.AmTrustPreferredStockLitigation.com* or by contacting the Claims Administrator, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim and Release form. By signing and submitting this Proof of Claim and Release form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

A.    To recover as a Member of the Class, you must complete, sign, and submit this Proof of Claim and Release form in accordance with the instructions provided herein. If you fail to submit a valid and timely Proof of Claim and Release form in accordance with these instructions, your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

B.    Submission of this Proof of Claim and Release form, however, does not ensure that you will share in the proceeds of Settlement of the Litigation.

C.    YOU MUST MAIL OR SUBMIT ONLINE AT THE SETTLEMENT WEBSITE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM SO THAT IT IS **SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 P.M. EASTERN STANDARD TIME ON _____ 2022 OR POSTMARKED ON OR BEFORE [SAME DATE]**. MAILED CLAIM FORMS SHOULD BE ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS: AmTrust Preferred Stock Litigation, c/o A.B. Data, Ltd., P.O. Box _____, Milwaukee, WI  53217

**You will bear all risks of delay or non-delivery of your Proof of Claim and Release form**.

D.    If you are a Member of the Class (as certified by the Court and defined in the Notice of Proposed Class Action Settlement (hereinafter, "Notice")) and Stipulation, you will be bound by the terms of any order of dismissal or judgment entered in the Litigation, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

E.    If you are a Member of the Certified Class, you may seek to exclude yourself from the Class, and, if the request is deemed valid, you will be barred from receiving any payment from the Settlement Fund.  DO NOT submit both a Proof of Claim and a request for exclusion. Doing so will delay administration of the Settlement. If you both send in a Proof of Claim and Release Form and seek to exclude yourself from the Settlement, your exclusion will be deemed invalid and your Proof of Claim will be administered pursuant to the terms of the Settlement.

---

[1] This Proof of Claim and Release form incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"). Unless otherwise specified, all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation can be obtained at www.AmTrustPreferredStockLitigation.com.

05883-00010/13442947.1

## II. CLAIMANT IDENTIFICATION INSTRUCTIONS

A.    If you purchased or otherwise acquired AmTrust Preferred Stock (defined as AmTrust's Series A preferred stock or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock) and held the certificate(s) in your own name, you are the beneficial owner as well as the record owner. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

B.    Use Part IV of this form entitled "Claimant Information" to identify each owner of record ("nominee"), if different from the beneficial owner of AmTrust Preferred Stock which forms the basis of this claim.

C.    THIS PROOF OF CLAIM AND RELEASE FORM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OF THE AMTRUST PREFERRED STOCK UPON WHICH THIS CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVES.

D.    A separate Proof of Claim and Release form must be filed for each type of account or ownership (*i.e.*, individual account, IRA account, joint account, custodial account, etc.). Joint tenants or UGMA custodians should file a single claim.

E.    All joint owners must sign this Proof of Claim and Release form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim and Release form on behalf of persons represented by them. Documentation establishing their authority must accompany this Proof of Claim and Release form and their titles or capacities must be stated.

F.    The Social Security or Taxpayer Identification Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. TRANSACTION SCHEDULE INSTRUCTIONS

A.    Use Part V of this form entitled "Schedule of Transactions in AmTrust Preferred Stock" to supply all required details of your transaction(s) in AmTrust Preferred Stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name and Social Security or Taxpayer Identification Number on each additional sheet.

B.    List each transaction during the Class Period separately and in chronological order, by trade date (not the "settlement" date), beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. **With respect to specific Series of Preferred Stock, multiple series of Preferred Stock traded on the same date should be reflected in multiple rows.  Thus, if you purchased 100 shares of Series A preferred stock and 100 shares of Series B preferred stock on the same day, those trades would be reflected in two rows reflecting two separate purchases of 100 shares of each Series, rather than one row reflecting a purchase of 200 shares of Preferred Stock.**

C.    **Do NOT list transactions in AmTrust common stock or AmTrust subordinated notes, as such transactions are not reflected in the Class Definition as part of the Stipulation, and do have any bearing on your entitlement and the extent of your entitlement to share in the Net Settlement Fund**

D.    The price per share, paid or received, should be exclusive of all commissions, taxes, fees, and other charges.

E.    **Copies of broker confirmation slips or monthly statements of your transactions in AmTrust Preferred Stock must be attached to your Proof of Claim and Release form**. If such documents are not in your possession, please obtain equivalent contemporaneous documents from your broker or financial advisor. A complete list of acceptable supporting documentation can be found at the Claims Administrator's website: www.AmTrustPreferredStockLitigation.com. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

F.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.AmTrustPreferredStockLitigation.com or you may email the Claims Administrator's electronic filing department at info@www.AmTrustPreferredStockLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity (*see* Part II.D. above) and the complete name(s) of the beneficial owner(s) of the securities must be entered where called for (*see* Part II.E. above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@www.AmTrustPreferredStockLitigation.com to inquire about your file and confirm it was received.

05885-00010/13442947.1

## PART IV – CLAIMANT INFORMATION

(Please read General Instructions above before completing this page.)

The Claims Administrator will use this information for all communications regarding this Proof of Claim and Release form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

Foreign Country (only if not USA)

Social Security Number or Taxpayer Identification Number

| Telephone Number (day) | Telephone Number (evening) |
|------------------------|----------------------------|
|                        |                            |

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)　　Pension Plan　□ Trust

Corporation　　　　　　　　　　　　　　　　Estate

□ IRA/401K　　　　　　　　　　　　　　　Other＿＿＿＿＿＿＿＿＿＿＿ (please specify)

## PART V – SCHEDULE OF TRANSACTIONS IN AMTRUST PREFERRED STOCK

| | |
|---|---|
| **A. HOLDINGS AS OF JANUARY 22, 2018** – State the total number of shares of each Series of Preferred Stock held as of the opening of trading on January 22, 2018.(*Must be documented*.) If none, write "zero" or 0."<br><br> | Confirm Proof of Holding Position Enclosed ☐ |

**B. PURCHASES/ACQUISITIONS FROM JANUARY 22, 2018, THROUGH JANUARY 18, 2019** – Separately list **each and every purchase or acquisition** of **each series of** AmTrust Preferred Stock during the period January 22, 2018, **through and including** January 18, 2019, and provide all of the following information (*must be documented*):

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares of Preferred Stock Purchased or Acquired **&** The Series of Preferred Stock | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase or Acquisition Price *(excluding commissions, taxes, and other fees)* | Purchased on U.S. Exchange? Yes or No |
|---|---|---|---|---|
| / / | / | $ | $ | |
| / / | / | $ | $ | |
| / / | / | $ | $ | |
| / / | / | $ | $ | |
| / / | / | $ | $ | |
| / / | / | $ | $ | |
| / / | / | $ | $ | |

**C. PURCHASES/ACQUISITIONS FROM JANUARY 22, 2019, THROUGH APRIL 18, 2019** – **For each series of Preferred Stock, separately** state the total number of shares **purchased or acquired** during the period January 22, 2019, **through and including** April 18, 2019 (*must be documented; if none, enter "0"*):

**D. SALES FROM JANUARY 22, 2018, THROUGH April 18, 2019** – Separately list **each and every sale** of **each series of** AmTrust Preferred Stock during the period January 22, 2018, **through and including** April 18, 2019 (*must be documented*):

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares of Preferred Stock Sold **&** The Series of Preferred Stock | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding taxes, commissions, and fees)* |
|---|---|---|---|
| / / | / | $ | $ |
| / / | / | $ | $ |
| / / | / | $ | $ |
| / / | / | $ | $ |
| / / | / | $ | $ |

**E. HOLDINGS AS OF April 18, 2019** – For each series of Preferred Stock, **separately** state the total number of each series of shares of AmTrust Preferred Stock owned at the close of trading on April 18, 2019 (*must be documented*; *if none, enter "0"*):

**F.** Please check applicable box:

05885-00010/13442947.1

☐    I certify that the submitting party is **not** an ERISA plan.

☐    I/We certify that the submitting party is an ERISA plan and has complied with the applicable ERISA exemption.

QUESTIONS? CALL [NUMBER] OR VISIT WWW.AMTRUSTPREFERREDSTOCKLITIGATION.COM

*If you need more space, attach the required information on separate, numbered sheets in the same format as above and sign and print your name and Social Security or Taxpayer Identification Number at the top of each additional sheet.*

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** ☐

**YOU MUST READ AND SIGN THE RELEASE. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

### VI.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I/We submit this Proof of Claim and Release form under the terms of the Stipulation and Agreement of Settlement described in the Notice. I/We also submit to the jurisdiction of the United States District Court for Southern District of New York with respect to my/our claim as a Class Member and for purposes of enforcing the release set forth herein. I/We further acknowledge that I/we am/are bound by and subject to the terms of any judgment that may be entered in the Litigation. I/we agree to furnish additional information to Lead Counsel or the Claims Administrator to support this claim if requested to do so. I/we have not submitted any other claim covering the same purchases, acquisitions, or sales of AmTrust Preferred Stock during the Class Period and know of no other person having done so on my/our behalf. I/we have not requested exclusion from the Settlement.

### VII.   RELEASE

A.   On behalf of the claimant listed above and any other individual or business or legal entity claiming (now or in the future) through or on behalf of the claimant, directly or indirectly (collectively, the "Releasing Parties"), as of the date the Settlement becomes effective, I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever release, relinquish, discharge, and dismiss from each and all of the Released Claims. Pertinent definitions from the Stipulations as to what constitutes "Released Claims" are repeated below:

"Defendants' Releasees" means Defendants and, as applicable, their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

"Plaintiff's Releasees" means Lead Plaintiff and all other Class Members, and, as applicable, their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

"Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

"Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not cover, include, or release any of the following claims: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

"Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that: (i) Lead Plaintiff or any other member of the Class (A) asserted in the Complaint or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in the Complaint, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and (ii) relate to the purchase or sale of Preferred Stock during the Class Period. For the avoidance of doubt, Released Plaintiff's Claims do not cover, include, or release any claim, relief, damages, compensation, demands, suits, actions, injuries, losses, costs, expenses, and/or causes of action (i) asserted in any ERISA or derivative action; (ii) relating to the enforcement of the Settlement; (iii) of any person or entity who or which submits a request for exclusion that is accepted by the Court ("Excluded Plaintiff's Claims"); (iv) arising from the purchase or sale of AmTrust's subordinated notes; (v) asserted in the dismissed consolidated putative class action styled *In re AmTrust Financial Services, Inc. Securities Litigation,* No. 1:17-cv-01545-LAK (S.D.N.Y.), on appeal as of the date of the Stipulation; (vi) asserted in the now-settled consolidated action styled *In re AmTrust Financial*

*Services, Inc. Appraisal and Stockholder Litigation*, Consolidated C.A. No. 2018-0396-AGB (Del. Ch.).

"Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

"Releases" means the releases set forth in ¶¶ 4-5 of the Stipulation.

"Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.
Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

B.    On behalf of the Releasing Parties, as of the date the Settlement becomes effective, I/we hereby agree that the Releasing Parties are permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Claims against any Released Party.

C.    The foregoing releases shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date.

D.    I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, in whole or in part, any matter released herein.

E.    I/We hereby warrant and represent that I/we have included information about all of my/our transactions in AmTrust Preferred Stock during the Class Period.

## VIII.     DECLARATION

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

    A.    The number shown on this form is my correct Social Security or Taxpayer Identification Number.

    B.    I am/We are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code.

**NOTE:** If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the word "NOT" in the sentence above.

    C.    I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned and any supporting documents attached hereto are true, correct, and complete to the best of my/our knowledge, information, and belief, and that this Proof of Claim and Release form was executed this _____ day of _____ 2022 in

_____.

(City/State/Country)

_____

Signature of Claimant

_____

(Print your name here)

_____

Signature of Joint Claimant, if any

_____

(Print your name here)

_____

Signature of person signing on Claimant's behalf

_____

Capacity of person signing on Claimant's behalf, if other than an individual, (*e.g.*, Executor, President, Custodian, etc.)

05885-00010/13442947.1

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above release and declaration.

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

3. Do not send originals of Preferred Stock certificates.

4. Keep copies of the completed Proof of Claim and Release form and documentation for your own records.

5. If you desire an acknowledgment of receipt of your Proof of Claim and Release form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. Do not use highlighter on the Proof of Claim and Release form or supporting documentation.

8. If you have any questions or concerns regarding your claim or how to complete and submit this Proof of Claim and Release form, please contact the Claims Administrator at: info@www.AmTrustPreferredStockLitigation.com.

# EXHIBIT 3

**[Press release]**

**SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

To: ALL PERSONS WHO PURCHASED AMTRUST FINANCIAL SERVICES, INC. PREFERRED STOCK ON A U.S. OPEN MARKET DURING THE CLASS PERIOD JANUARY 22, 2018, THROUGH JANUARY 18, 2019 ("CLASS PERIOD"), BOTH DATES INCLUSIVE.

Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York that Lead Plaintiff Jan Martínek, on behalf of himself and the Class, and AmTrust Financial Services, Inc., Barry D. Zyskind, George Karfunkel and Leah Karfunkel ("Defendants") have reached a proposed settlement of the action titled *Martínek v. AmTrust Financial Services, Inc., et al.*, No. 19 Civ. 8030 (KPF) (the "Action") in the amount of $13,000,000, which if approved will resolve the Action in its entirety (the "Settlement").   In entering into the Settlement, Defendants deny all charges of wrongdoing or liability alleged in the Action, and deny that Lead Plaintiff or the Class suffered damages.

A hearing will be held at [TIME] _.m. on [DATE], 2022, before the Honorable Katherine Polk Failla at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing"), to determine  (1) whether the Court should approve: (a) the proposed Settlement as fair, reasonable, and adequate; (b) the Plan of Allocation of Settlement funds as fair, reasonable, and adequate; (c) the request by the lawyers representing the Class for attorneys' fees, for the reimbursement of their expenses, and for a Plaintiff Award to Lead Plaintiff, and (2) whether the Court should dismiss the Action with prejudice, as provided in the Settlement.  The Court may change the hearing date, or order that it be held by telephonic or video conference, without further notice to the Class.  However, any changes will be posted on the Settlement Website: www.AmTrustPreferredStockLitigation.com

If you purchased AmTrust preferred stock on a U.S. open market between January 22, 2018, and January 18, 2019, inclusive, you may be a Class Member and your rights may be affected by this Settlement.  You may obtain, free of charge, a detailed Longform Notice of Proposed Class Action Settlement (the "Notice") and a copy of the Proof of Claim form on the Settlement Website, or by contacting the Claims Administrator, AmTrust Preferred Stock Litigation, A.B. Data, Ltd., at P.O. Box ____ Milwaukee, WI 53217 or at _____ (Toll Free) or at info@AmTrustPreferredStockLitigation.com. All capitalized terms not defined herein, are defined in the Notice.  **Please note that the Class definition (defined in the Notice) does not include purchasers of solely AmTrust common stock or notes.**

If you are a Class Member and wish to share in the Settlement proceeds, you must complete and submit a Proof of Claim Form and required supporting documentation to the Claims Administrator establishing that you are entitled to recovery so that it is postmarked, or submitted online at the Settlement Website, by [DATE].  If you fail to submit a valid Proof of Claim Form and supporting documentation by this deadline in accordance with the instructions in the Form and Notice, you will not recover from the Settlement, but you will nevertheless be bound by the Settlement and

releases provided for therein and by the Court's final judgment dismissing the Action with prejudice.

If you are a Class Member but wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the Instructions set forth in the Notice so that it is received no later than [DATE]. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the Settlement proceeds.

If you are a Class Member and wish to object to any aspect of the Settlement, the Plan of Allocation, or any of Counsel's requests, you must submit your written objection in the manner set forth in the Notice so that it is received no later than [DATE]. Only Class Members who have submitted valid and timely written objections and provided notice of their intent to appear in accordance with the instructions in the Notice will be entitled to be heard at the Settlement Hearing.

Inquiries, other than requests for the Notice, may be made to the attorneys for the Class:

Carl L. Stine, Esq., Wolf Popper LLP, 845 Third Avenue, New York, New York 10022, Tel.: (212) 759-4600, cstine@wolfpopper.com.

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.

DATED: [DATE]

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[SOURCE Wolf Popper LLP]

05885-00010/13442952.1

# EXHIBIT 4

**Court-Ordered Legal Notice of
Proposed Class Action Settlement**

United States District Court
for the Southern District of New York
JAN MARTINEK v. AMTRUST FINANCIAL
SERVICES, INC., Case No. 19-cv-8030-KPF

**To: All persons who purchased or otherwise
acquired AmTrust Financial Services, Inc.
("AmTrust") preferred stock on a U.S. open
market during the class period January 22, 2018
through January 18, 2019, both dates inclusive
("Class Period")**

IMPORTANT NOTICE ABOUT A SECURITIES
CLASS ACTION SETTLEMENT

YOU MAY BE ENTITLED TO A <u>CASH</u>
PAYMENT

PLEASE READ THIS NOTICE CAREFULLY

Capitalized terms used in this notice that are not
otherwise defined are defined in the Stipulation of
Settlement, available at the Settlement Website,
www.AmTrustPreferredStockLitigation.com

**AMTRUST PREFERRED STOCK
LITIGATION**
**c/o A.B. Data, Ltd.**
**P.O. Box 173050**
**Milwaukee, WI 53217**
**Toll-Free Number: 877-888-4851**

| PRESORTED |
| FIRST-CLASS |
| MAIL |
| U.S. POSTAGE |
| PAID |
| [City, ST] |
| PERMIT NO. ____ |

**www.AmTrustPreferredStockLitigation.com**
**Email: info@AmTrustPreferredStockLitigation.com**

NOTICE NUMBER «NoticeID»
NoticeID

Postal Service: Please Do Not Mark or Cover Barcode

[NAME1]
[ADDR1]
[CITY] [ST] [ZIP]
[COUNTRY]

05885-00010/13442955.1

There has been a proposed Settlement in the class action *Martínek v. AmTrust Financial Services, Inc., et al.*, No. 19-cv-8030-KPF (the "Litigation") pending in the U.S. District Court for the Southern District of New York. The Settlement would resolve the Litigation, in which Plaintiff alleges that AmTrust and certain of its directors ("Defendants") violated federal securities laws by making false and misleading statements during the Class Period related to whether AmTrust's preferred stock would remain listed in the New York Stock Exchange. Defendants deny all allegations of wrongdoing or liability, and this notice expresses no opinion by the Court as to the Litigation's merits.

This Postcard Settlement Notice ("Postcard") provides only limited information about the Settlement. **For more information**, i) go to the Settlement Website (www.AmTrustPreferredStockLitigation.com), which contains the Longform Notice of Settlement of Class Action ("Notice"), ii) contact the Claims Administrator, A.B. Data, Ltd. whose information is on the front of this Postcard, or contact Class Counsel at the contact information in the Notice. **Please do not contact the Court, Defendants, or their counsel.**

You were sent this Postcard because you or someone in your family may have purchased or otherwise acquired AmTrust preferred stock during the Class Period. **The Class definition does not include purchases of AmTrust common stock or notes.**

**What is the Proposed Settlement?** Defendants have agreed to pay $13,000,000, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, taxes, or any award to Plaintiff for his service to the Class and for his costs and expenses (including lost wages) relating to his representation of the Class ("Plaintiff Award"), to be divided among all Class members who submit a valid Claim Form, in exchange for a release of all claims related to this Litigation. Your share of the Settlement proceeds will depend on the size and timing of your transactions in AmTrust preferred stock, and will be determined *pro rata* based on the number of claims submitted. **For all details of the Settlement, read the Stipulation and Notice, available on the Settlement Website.**

**To qualify for payment, you must submit a Claim Form**, which can be downloaded from the Settlement Website, or which will be mailed to you, upon request to the Claims Administrator**. To be valid, Claim Forms must be postmarked by _____, 2022.**

**If you wish to be excluded from the Class,** you must send a written request for exclusion to AmTrust Preferred Stock Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box _____, Milwaukee, WI 53217 postmarked no later than ____, 2022. The request for exclusion must conform with the instructions and requirements set forth in the Notice. If you are excluded from the Class, you will not receive payment from the Settlement recovery.

**Court Settlement Hearing. The Court will hold a hearing on this case on _____, 2022 at _____** to consider whether (1) the Court should approve: (a) the proposed Settlement as fair, reasonable, and adequate; (b) the Plan of Allocation of Settlement funds as fair, reasonable, and adequate; (c) the request by the lawyers representing the Class for up to 33.33% of the Settlement recovery in attorneys' fees ($4,332,900), plus costs and expenses of up to $460,000.00; (d) the request for a Plaintiff Award of up to $15,000; and (2) the Court should dismiss the Litigation with prejudice, as provided in the Settlement Agreement. You may attend the hearing and ask to be heard by the Court, but you do not have to. If you wish to object to the terms of the Settlement or any of the Plaintiff's or his lawyers' requests, your objection must be in writing pursuant to the requirements in the Notice, and be received by _____, 2022.

**Special Notice to Nominees**. If you hold AmTrust preferred stock pursuant to a transaction that took place on a U.S. exchange within the Class Period as nominee for a beneficial owner, then you must, within ten (10) days of receipt of this Postcard, either: (1) send a copy of this Postcard by

05885-00010/13442955.1

first-class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Administrator at the address provided on page 2 of the Notice. More information about this requirement is available on page 10 of the Notice.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAN MARTÍNEK, | ) | |
| | ) | Case No. 19-cv-8030-KPF |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Katherine Polk Failla |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| AMTRUST FINANCIAL SERVICES, INC., | ) | |
| BARRY D. ZYSKIND, GEORGE | ) | |
| KARFUNKEL, AND LEAH KARFUNKEL, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL JUDGMENT**

WHEREAS, a securities action is pending in this Court entitled *Martínek v. AmTrust Financial Services Inc., et al.*, Case No. 19-cv-8030-KPF (the "Action");

WHEREAS, on February 3, 2022, the Court granted the Motion for Class Certification filed by Lead Plaintiff and Class Representative Jan Martínek ("Lead Plaintiff"), appointing Lead Plaintiff as Class Representative and Lead Counsel (Wolf Popper LLP) as Class Counsel, and certifying this Action as a class action, and certifying a class defined as: "All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ('AmTrust'), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the 'Excluded Persons') and the legal representatives, heirs, successors, or assigns of any such Excluded Person" (the "Certified Class").

WHEREAS, Lead Plaintiff, on his own behalf and on behalf of the Class (defined as the Certified Class, excluding those individuals and entities identified in paragraph 3 below.) and defendants AmTrust Financial Services Inc. ("AmTrust" or the "Company"), Barry D. Zyskind, George Karfunkel and Leah Karfunkel (collectively, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties") have entered into a Stipulation and Agreement of Settlement dated _____, 2022 (the "Stipulation"), that provides for a cash payment of $13,000,000 to the Class as consideration for a complete dismissal with

prejudice of the claims asserted against Defendants in the Action, and on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated ____, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) (b) ordered that notice of the proposed Settlement be provided to potential Certified Class Members; (c) provided Certified Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Certified Class;

WHEREAS, the Court conducted a hearing on _____, 2022 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.   **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.   **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice, Postcard Notice, and Summary Notice, copies of which were filed with the Court on _____, 2022.

3.   **Exclusion Requests** – Excluded from the Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.

4.   **Adequacy of Representation** –The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g)(4), respectively.

5.   **Notice** – The Court finds that the method of mailing and making available the Notice, Postcard Notice, the Claim Form and the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Certified Class Members of (i) the pendency of the Action; (ii) the Class Certification Order; (iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) the motion request by Lead Counsel for an award of attorneys' fees and Litigation Expenses and for a Plaintiff Service Award ("Lead Counsel's Requests"); (v) Certified Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's Requests;

(vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, et seq. ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

7. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement and Plan of Allocation treat members of the Class equitably

relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims against Defendants and the other Defendants' Releasees,

and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiff's Claims.

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiff's Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment nor the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith); shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the

Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted under this Judgment and the Stipulation or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Lead Counsel's Requests; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding Lead Counsel's Requests. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. Modification of the Agreement of Settlement – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

17.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


SO ORDERED this _____ day of _____, 2022



_____
KATHERINE POLK FAILLA
United States District Judge