UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK, | ) |
| | ) |
| Plaintiff, | )  Case No. 19-cv-8030-KPF |
| v. | ) |
| AMTRUST FINANCIAL SERVICES, INC., BARRY D. ZYSKIND, GEORGE KARFUNKEL, AND LEAH KARFUNKEL, | )  Hon. Katherine Polk Failla |
| Defendants. | ) |

**ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23 AND PERMITTING NOTICE TO THE CLASS**

WHEREAS, the above-captioned securities class action (the "Action") is pending before this Court;

WHEREAS, By Order entered February 3, 2022, the Court certified a class in the Action consisting of: "All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ("AmTrust"), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock [collectively, the "Preferred Stock"] on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the "Excluded Persons") and the legal representatives, heirs, successors, or assigns of any such Excluded Person" (the "Certified Class"). "Class" means the Certified Class, excluding any Person who satisfies the criteria for being a member of the Certified Class but validly and timely requests exclusion in accordance with the requirements set by the Court;

WHEREAS, Lead Plaintiff and Class Representative, Jan Martínek ("Lead Plaintiff"), on his own behalf and on behalf of the Class and defendants AmTrust Financial Services Inc. ("AmTrust" or the "Company"), Barry D. Zyskind, George Karfunkel and Leah Karfunkel (collectively, "Defendants") determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 22, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has moved, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

1. **Preliminary Approval of the Settlement**: The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on **November 16**, 2022, at : **3:00 p**.m., either in person at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007 or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the request by Lead Counsel for an award of attorneys' fees and Litigation Expenses and for a Plaintiff

Service Award ("Lead Counsel's Requests") should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the Settlement Website, as defined and referenced in paragraph 4(c) of this Order. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator"), to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Class Member claims for payment as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) business days after the date of entry of this Order, AmTrust (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) shall provide or cause to be provided to Lead Counsel or the Claims Administrator in an electronic, searchable format, any existing lists (consisting of names, addresses, and if available, email addresses) of holders of Preferred Stock and, upon request by Lead Counsel, any

other information related to the identity of potential Class members requested by Lead Counsel that is obtainable by Defendants without undue burden;

(b) beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 4 to Exhibit A, to be mailed by first-class mail or emailed to potential Class Members at the addresses set forth in the records provided or caused to be provided by AmTrust, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the longform notice ("Notice") (substantially in the revised form submitted in Lead Plaintiff's motion papers); and Claim Form, and Postcard Notice (substantially in the forms attached to the Stipulation as Exhibits 2 and 4 to Exhibit A), as well as the Stipulation, the Complaint, the Court's Opinion and Order denying Defendants' motion to dismiss the Complaint, the Court's Opinion and Order granting Lead Plaintiff's motion for class certification, and a copy of this instant Order to be posted on a website to be developed for the Settlement (the "Settlement Website"), from which copies of such documents can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit 3 to Exhibit A, to be published once over *PR Newswire* or a similar wire service with similar reach;

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Claim Form, and the Summary Notice, and (b) finds that the method of mailing and making available such documents set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action; the Class Certification Order; the effect of the proposed Settlement (including the Releases to be provided thereunder); Lead Counsel's Requests; Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's Requests; their right to exclude themselves from the Class; and their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Preferred Stock during the Class Period shall: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven

(7) calendar days of receipt of the Postcard Notices, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein and in the Notice. Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person

or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

Case 1:19-cv-08030-KPF   Document 97   Filed 07/21/22   Page 9 of 15

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **<u>Exclusion From the Class</u>** – Any member of the Certified Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the exclusion address set forth in the Notice and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF) (S.D.N.Y.)"; (iii) state the number of shares of Preferred Stock that the person or entity requesting exclusion purchased/acquired and/or sold between January 22, 2018 and April 18, 2019, inclusive, including the dates, number of shares, and prices of each purchase/acquisition and sale of Preferred Stock during this period; (iv) be signed by the person or entity requesting exclusion or an authorized representative; (v) and otherwise comply with the instructions set forth in the Notice. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional information or documentation sufficient to prove his, her, or its holdings and trading in Preferred Stock.

12. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class

Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund.

13. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

14. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

15. Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Requests and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Requests should not be

approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Requests unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Wolf Popper LLP<br>Carl L. Stine, Esq.<br>845 Third Avenue, 12th Floor<br>New York, NY 10022 | Quinn Emanuel Urquhart & Sullivan, LLP<br>Michael Carlinsky, Esq.<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010 |

16. Any objections, filings, and other submissions by the objecting Class Member must: (a) identify the case name and docket number, *Jan Martínek v. AmTrust Financial Services, Inc., et al.*, Case No. 1:19-cv-08030 (KPF) (S.D.N.Y.); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector or the objector's counsel; (c) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (d) include documents sufficient to prove membership in the Class, including the number of shares of Preferred Stock that the objecting Class Member purchased/acquired and/or sold between January 22, 2018 and April 18, 2019, inclusive, including the dates, number of shares, and prices of each purchase/acquisition and sale of Preferred Stock during this period; and (e) otherwise comply with the instructions set forth in the Notice. The objecting Class Member must provide

documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

17. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, email address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

18. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's Requests and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or Lead Counsel's Requests, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or Lead Counsel's Requests in this or any other proceeding.

19. **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from prosecuting any and all of the Released Plaintiff's Claims against the Defendants' Releasees.

20. **Settlement Administration Fees and Expenses** – All costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation.

24. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the

Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount

which could be or would have been recovered after trial; provided, however, that, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Settlement.

25.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Requests no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    **Jurisdiction** – The Court retains jurisdiction to consider all further application arising out of or connected with the proposed Settlement.

SO ORDERED this  21st day of  July, 2022

_[signature: Katherine Polk Failla]_
_____
KATHERINE POLK FAILLA
United States District Judge