UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK,<br><br>Plaintiff,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC., BARRY D. ZYSKIND, GEORGE KARFUNKEL, AND LEAH KARFUNKEL,<br><br>Defendants. | Case No. 19-cv-8030-KPF<br><br>Hon. Katherine Polk Failla |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND APPROVAL OF REQUESTS FOR ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF SERVICE AWARD**

**WOLF POPPER LLP**
Carl L. Stine
Patricia I. Avery
Adam J. Blander
Radha Raghavan
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600
cstine@wolfpopper.com

*Attorneys for Class Representative, Jan Martínek, and the Class*

**INTRODUCTION**

Lead Plaintiff, Jan Martínek, respectfully submits this Reply Memorandum of Law in further support of his Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and Approval of Requests for Attorneys' Fees, Expenses and Plaintiff Service Award (ECF No. 101, "Final Approval Motion") ("Reply").[1]

**BACKGROUND**

On October 12, 2022, Lead Plaintiff moved for final approval of the proposed Settlement, which, if approved, will resolve all claims against Defendants in exchange for a cash payment of $13,000,000.00 for the benefit of the Class. The Settlement (as set forth in the Stipulation) is a product of a rigorously fought litigation culminating in good-faith and arm's-length negotiations between highly experienced counsel, facilitated by a well-respected mediator and following the completion of fact discovery and the near-completion of expert discovery. As described in Lead Plaintiff's opening brief, the Settlement represents a very favorable result for the Class, recovering an unusually significant percentage of maximum provable aggregate damages in a securities fraud class action—either 27% or 32%, depending on the damages model used, given the attendant risks and challenges of continued litigation. In his opening brief, Lead Plaintiff discussed the various factors weighing in favor of the Settlement and now files this Reply to update the Court regarding developments since the filing of those papers.

Lead Plaintiff advises the Court that in response to the 20,274 Postcard Notices that have been mailed out to Class Members and nominees, there have been no objections or requests for exclusions received from the Class within the deadline for filing such responses, nor have any

---

[1] Unless otherwise defined herein, all capitalized terms are defined in the Stipulation of Settlement dated June 22, 2022 ("Stipulation"), previously filed at ECF No. 91-1. Unless otherwise noted, internal citations and quotation marks are omitted.

exclusion requests been received as of the date of the Supplemental Declaration from Jack Ewashko ("Suppl. Ewashko Decl.") submitted herewith.  *See* Suppl. Ewashko Decl. ¶ 7.  As demonstrated below and in the Final Approval Motion papers, the favorable result and the positive reaction of the Class warrant final approval of the Settlement, approval of the Plan of Allocation, and approval of Lead Counsel's Requests.

**POSITIVE REACTION TO THE SETTLEMENT**

As detailed in the Final Approval Motion papers and the accompanying declaration from Jack Ewashko of A. B. Data (ECF No. 105, "Ewashko Decl."), the Settlement notice program has been implemented pursuant to the Court's Preliminary Approval Order dated July 21, 2022 (ECF No. 97).  Lead Plaintiff now provides the Court with updates regarding the implementation of the notice plan:

(i)     A.B. Data has disseminated a total of 20,274 Court-approved Postcard Notices to potential Class Members and their nominees.  *See* Suppl. Ewashko Decl. ¶ 3.  The Postcard Notice informed Class Members of the terms of the proposed Settlement and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33.33% of the Settlement Amount ($4,332,900), plus litigation expenses of up to $460,000, and a Plaintiff Award of up to $15,000.  *See* Ewashko Decl. Ex. A (ECF No. 105).  The Postcard Notice also apprised Class Members of: (1) their right to exclude themselves from the Class; (2) their right to object to the terms of the Settlement or any of Lead Counsel's Requests; (3) the October 26, 2022 deadline for filing objections; (4) the October 26, 2022 deadline for submitting requests for exclusions; and (5) the December 13, 2022 deadline for submitting Claim Forms. Finally, the Postcard Notice also advised Class Members how to obtain more

information about the Settlement, including directing Class Members to the Settlement Website, where they could obtain copies of the Longform Notice and other important documents, identifying a toll-free number and a unique email address where Class Members could contact the Claims Administrator, and providing Lead Counsel's contact information.

(ii) A toll-free telephone number and an interactive voice response system is continuing to be maintained by the Claims Administrator to address any inquiries from potential Class Members. As of November 8, 2022, 207 callers have called this number. This telephone line will remain active until the conclusion of the administration process. *See* Suppl. Ewashko Decl. ¶ 4;

(iii) The Settlement Website is continuing to be maintained by the Claims Administrator and has been visited 380 times through November 8, 2022. This website will remain active until the conclusion of the administration process. *See* Suppl. Ewashko Decl. ¶ 5; and

(iv) Potential Class Members may still use the email address info@AmtTrustPreferredStockLitigation.com to send in inquiries. *See* Suppl. Ewashko Decl. ¶ 5.

As noted above, following this Court-approved notice program, no Class Member sought to be excluded from the Class and no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's Requests. This positive response from the Class provides additional support for the final approval of the Settlement. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell*

inquiry"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy. ... In fact, the lack of objections may well evidence the fairness of the [s]ettlement."); *see also Marroquin Alas v. Champlain Valley Specialty of N.Y., Inc.*, No. 5:15-CV-00441-MAD-TWD, 2016 WL 3406111, at *4 (N.D.N.Y. June 17, 2016) ("In the present matter, no objections had been filed to the settlement agreement up until the time of the hearing on June 9, 2016, and no Class Members appeared at the hearing. As such, the second *Grinnell* factor weighs in favor of final approval."); *Kochilas v. Nat'l Merch. Servs.*, No. 1:14-CV-00311, 2015 WL 5821631, at *5 (E.D.N.Y. Oct. 2, 2015) (noting that there were no objections and requests for exclusions received and holding that "[t]his overwhelmingly favorable response recommends final approval."); *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) (A "[l]ack of objection is strong evidence of the settlement's fairness.").

The positive reaction of the Class as noted above also provides support to the reasonableness of Lead Counsel's Requests. *See Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *see also Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request supported its approval).

## **CONCLUSION**

For the reasons stated herein and in the opening papers, Lead Plaintiff respectfully requests that the Court grant his Final Approval Motion, as reflected in the (i) proposed Final Judgment (ECF No. 107) and (ii) proposed Order (ECF No. 106).

Dated: November 9, 2022

Respectfully submitted,

**WOLF POPPER LLP**

By: */s/ Carl L. Stine*
Carl L. Stine
Patricia I. Avery
Adam J. Blander
Radha Raghavan
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600
cstine@wolfpopper.com