UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK, | Case No. 19 Civ. 8030 (KPF) |
| Plaintiff, | |
| v. | |
| AMTRUST FINANCIAL SERVICES, INC., BARRY D. ZYSKIND, GEORGE KARFUNKEL, AND LEAH KARFUNKEL, | |
| Defendants. | |

**FINAL JUDGMENT**

WHEREAS, a securities action is pending in this Court entitled *Martínek v. AmTrust Financial Services Inc., et al.*, Case No. 19 Civ. 8030 (KPF) (the "Action");

WHEREAS, on February 3, 2022, the Court granted the Motion for Class Certification filed by Lead Plaintiff and Class Representative Jan Martínek ("Lead Plaintiff"), appointing Lead Plaintiff as Class Representative and Lead Counsel (Wolf Popper LLP) as Class Counsel, and certifying this Action as a class action, and certifying a class defined as: "All persons who purchased Series A preferred stock of AmTrust Financial Services, Inc. ('AmTrust'), or AmTrust's Depositary Shares Representing 1/40th of a share of either AmTrust's Series B, C, D, E or F preferred stock on the open market on a U.S. stock exchange from January 22, 2018, to January 18, 2019, inclusive excluding present and former executive officers of AmTrust and any parent, subsidiary, or affiliate of AmTrust, Barry D. Zyskind, George Karfunkel, and Leah Karfunkel and their immediate family members (collectively, the 'Excluded Persons') and the legal representatives, heirs, successors, or assigns of any such Excluded Person" (the "Certified Class"). (Dkt. #80).

WHEREAS, Lead Plaintiff, on his own behalf and on behalf of the Class (defined as the Certified Class, excluding those individuals and entities identified in paragraph 3 below.) and defendants AmTrust Financial Services Inc. ("AmTrust" or the "Company"), Barry D. Zyskind, George Karfunkel and Leah Karfunkel (collectively, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 22, 2022 (the "Stipulation"), that provides for a cash payment of $13,000,000 to the Class as consideration for a complete dismissal with

prejudice of the claims asserted against Defendants in the Action, and on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 21, 2022 (the "Preliminary Approval Order," (Dkt. #97)), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) (b) ordered that notice of the proposed Settlement be provided to potential Certified Class Members; (c) provided Certified Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Certified Class;

WHEREAS, the Court conducted a hearing on November 16, 2022 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice, Postcard Notice, and Summary Notice, copies of which were filed with the Court in connection with Lead Plaintiff's opening papers in support of final approval of the Settlement.

3. **<u>Exclusion Requests</u>** – Excluded from the Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.

4. **<u>Adequacy of Representation</u>** –The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g)(4), respectively.

5. **<u>Notice</u>** – The Court finds that the method of mailing and making available the Notice, Postcard Notice, the Claim Form and the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Certified Class Members of (i) the pendency of the Action; (ii) the Class Certification Order; (iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) the motion request by Lead Counsel for an award of attorneys' fees and Litigation Expenses and for a Plaintiff Service Award ("Lead Counsel's Requests"); (v) Certified Class Members' right to object

to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's Requests; (vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, et seq. ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

7. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys'

fee award; and (d) the Settlement and Plan of Allocation treat members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby DISMISSED with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever

compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiff's Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiff's Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment nor the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection

therewith); shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this

Judgment and the Stipulation to effectuate the protections from liability granted under this Judgment and the Stipulation or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Lead Counsel's Requests; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding Lead Counsel's Requests. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and

Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated:   November 16, 2022
         New York, New York