UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAN MARTÍNEK, | ) ) ) | Case No. 19 Civ. 8030 (KPF) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| AMTRUST FINANCIAL SERVICES, INC., BARRY D. ZYSKIND, GEORGE KARFUNKEL, AND LEAH KARFUNKEL, | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
TO LEAD COUNSEL AND A SERVICE AWARD TO LEAD PLAINTIFF**

**WOLF POPPER LLP**
Carl L. Stine
Patricia I. Avery
Adam J. Blander
Radha Raghavan
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600
cstine@wolfpopper.com

*Attorneys for Class Representative Jan Martínek and the Class*

WHEREAS, the above-captioned action has been pending in this Court (the "Action");

WHEREAS, at a hearing on November 16, 2022 (the "Settlement Hearing") the Court considered Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation.  The Court also considered Lead Counsel's Requests for an Order awarding attorneys' fees in the amount of 33.33% of the $13 million Settlement Fund, or $4,332,900, and reimbursement of Litigation expenses in the amount $460,000, and Lead Plaintiff a Service Award of $15,000, plus interest earned on such amounts at the same rate as the Settlement Fund (collectively "Lead Counsel's Requests");

WHEREAS, in a separate Final Judgment, the Court has made rulings and entered Judgment with respect to Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation;

WHEREAS, this Order resolves Lead Counsel's Requests;

WHEREAS, having considered all matters submitted at the Settlement Hearing and otherwise, **IT IS ORDERED** that Lead Counsel's Requests are **GRANTED** as follows:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated June 22, 2022 ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's Requests was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying Lead Counsel's Requests satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law

and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of 33.33% of the $13,000,000 Settlement Amount, or $4,332,900, and also $460,000 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), plus interest earned on both amounts at the same rate as the Settlement Fund, which sums the Court find to be fair and reasonable.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

 a. The Settlement has created a fund of $13,000,000 in cash to be funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

 b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, who is an experienced investor, and who closely supervised the prosecution and Settlement of the Action;

 c. Copies of the Postcard Notice, which contained summary information on the Settlement, and stated that Lead Counsel would apply for an award of attorneys' fees of up to 33.33% of the $13,000,000 Settlement Amount plus reimbursement of litigation expenses of up to $460,000, were mailed to over 20,196 potential Class Members and nominees. The Postcard Notice also directed potential Class Members to the Settlement Website for more information, and the Settlement

    Website contained downloadable copies of the Longform Notice containing Lead Counsel's Requests, Claim Form and Stipulation, among other documents;

d. There are no objections to the request for an award of attorneys' fees in the amount of 33.33% of the $13,000,000 Settlement Amount and reimbursement of expenses in the amount of $460,000;

e. Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

f. Lead Counsel are highly experienced in class action litigation and securities class action litigation;

g. Lead Counsel undertook this matter on a wholly contingent-fee basis, with no assurance that Lead Counsel would be compensated for their efforts on behalf of the Class or recoup advanced litigation expenses;

h. The Action raised a number of complex issues related to, among other things, liability, market efficiency, damages, and the like;

i. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

j. Lead Counsel devoted over 3,998 hours, with a lodestar value of approximately $2.6 million, to achieve the Settlement;

k. Should Counsel's fee request be awarded in full, the award would reflect a lodestar multiple of approximately 1.64.

l. The Court engaged in the recommended lodestar crosscheck and concludes that the award of attorneys' fees is reasonable. The amount of time devoted to the litigation

was reasonable, given the complex issues involved, the length of the litigation, and vigorous defense by Defendants. An award of attorneys' fees of 33.33% of the Settlement Fund is reasonable given the high risk, complex issues, skill of the attorneys and the contingency nature involved in bringing this litigation;

m. The litigation expenses incurred by Lead Counsel are of the sort typically billed by attorneys to paying clients; and

n. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair, reasonable and consistent with awards in similar cases.

6. Lead Plaintiff is hereby awarded a Plaintiff Service Award of $15,000, which shall be paid from the Settlement Fund, with interest earned on the amount to be at the same rate as the Settlement Fund.

7. In making this Award to be paid from the Settlement Fund, the Court has considered and found that:

a. The Plaintiff Service Award does not create a conflict of interest between Lead Plaintiff and the Class;

b. Lead Plaintiff estimates that he spent approximately 100 hours assisting Lead Counsel in the Action. Lead Plaintiff took an active role in pursuing the case by, among others, hiring counsel, reviewing and approving pleadings and briefs, gathering documents and information in response to Defendants' discovery requests, preparing for and sitting for a deposition, and communicating with Lead Counsel concerning the litigation, strategy, mediation, and providing comments and feedback on various briefs and papers filed with the Court. The significant time Lead Plaintiff devoted to this Litigation could have been spent on time

        operating his business, and he has thus made a sufficient showing to be entitled to an additional payment under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(4).

        c. Lead Counsel believes that Lead Plaintiff provided substantial value to the Action on behalf of the Class, and believes that the $15,000 request for a service award is well-deserved;

        d. As noted earlier, Notice was disseminated to Class Members. The Notice advised Class Members of the anticipated request for a Service Award, and no objections were received; and

        e. The amount of Plaintiff Service Award is fair and reasonable and consistent with awards in similar cases.

8. Any appeal or any challenge affecting this Court's approval of Lead Counsel's Requests shall in no way disturb or affect the finality of the Final Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

SO ORDERED.

*[Signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA             Dated:     November 16, 2022
United States District Judge                         New York, New York