UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN MARTÍNEK,<br><br>                Plaintiff,<br><br>V.<br><br>AMTRUST FINANCIAL SERVICES, INC.,<br>BARRY D. ZYSKIND, GEORGE KARFUNKEL,<br>and LEAH KARFUNKEL,<br><br>                Defendants. | Case No. 19-cv-8030-KPF |

### ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF DISTRIBUTION PLAN

WHEREAS, in the above-captioned action (the "Action"), the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on November 16, 2022, the Court granted Lead Plaintiff and Class Representative Jan Martínek's ("Lead Plaintiff") Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and Approval of Requests for Attorneys' Fees, Expenses, and Plaintiff Service Award ("Final Approval Motion," ECF No. 101), entered the Final Judgment (ECF No. 111), which approved the Settlement of this Action and the Plan of Allocation and dismissed this Action with prejudice, and entered an Order Awarding Attorneys' Fees and Expenses to Lead Counsel and a Service Award to Lead Plaintiff (ECF No. 112);

WHEREAS, in the Final Judgment, the Court retained jurisdiction of the Action, including the disposition of the Net Settlement Fund (Final Judgment, ¶ 13);

WHEREAS, as referred to in the Order preliminarily approving the class action settlement of this action and directing notice to the Class, entered on July 21, 2022 (ECF No. 97, "Preliminary Approval Order"), the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was 120 days after the Settlement Notice Date, or December 13, 2022 (*Id.* ¶ 8);

WHEREAS, as set forth in the Declaration of Jack Ewashko submitted in connection with the Distribution Motion defined below ("Ewashko Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims, and has made a recommendation as to the eligibility of each submitted claim;

WHEREAS, Lead Plaintiff has filed an Unopposed Motion for Approval of Distribution Plan ("Distribution Motion"); and

WHEREAS, after reviewing Lead Plaintiffs' Distribution Motion and the papers submitted in support thereof, and no opposition to the Distribution Motion having been filed, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED And DECREED that:

1. Lead Plaintiff's Distribution Motion is GRANTED.

2. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 23, 2023, (ECF No. 91-1, the "Stipulation"), the Preliminary Approval Order, the Final Judgement, and in the Ewashko Declaration, and all capitalized terms used therein.

3. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4. The administrative determinations of A.B. Data, Ltd. ("A.B. Data") accepting and rejecting the Proofs of Claim submitted and received on or before May 31, 2023, as set forth in the Ewashko Declaration, are APPROVED.

5. The claims set forth in Exhibit D ("Timely Eligible Claims") and Exhibit E ("Late but Otherwise Eligible Claims") to the Ewashko Declaration are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED.

6. Wholly ineligible or otherwise deficient claims ("Rejected Claims"), as set forth in Exhibit F to the Ewasko Declaration, are REJECTED.

7. Claims with a Recognized Claim amount of zero ("No Loss"), as calculated under the Court-approved Plan of Allocation, and as set forth in Exhibit F are REJECTED.

8. The outstanding fees and expenses already incurred by A.B. Data and its estimate to complete the Initial Distribution as set out in the Ewashko Declaration are APPROVED. A.B. Data shall be paid from the Settlement Fund the outstanding balance of its fees and expenses in connection with the services performed in administering the Settlement of $58,773.71 (reflecting costs of $127,671.40 expended through August 31, 2023 minus $68,897.69 already paid to A.B. Data, as authorized under the Stipulation). An additional $20,865.30 shall be reserved from the Settlement Fund in anticipation of the work A.B. Data will perform in administering the Proof of Claim Forms and distributing the Net Settlement Fund in the Initial Distribution, which shall be paid to A.B. Data as costs accrue, upon approval by Lead Counsel, without further Order from the Court. To the extent A.B. Data's Initial Distribution exceed $20,865.30, and additional funds remain in the Net Settlement Fund following the Initial Distribution, A.B. Data may be paid its

excess costs, upon approval by Lead Counsel, before the implementation of a second distribution, payment to charity, or any other payment contemplated in paragraph 10 herein, without further Order from the Court.  No aggregate payment of $350,000 to A.B. Data is authorized, absent further Order of the Court.  *See* Stipulation ¶ 15 (authorizing $350,000 to be paid to A.B. Data without further Order).

9. A.B. Data shall conduct an initial distribution, after deducting $79,639.01 in fees and expenses incurred and estimated to be incurred, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

   a. A.B. Data shall calculate award amounts to all Authorized Claimants by calculating their pro rata share of the remaining Net Settlement Fund in accordance with the Plan of Allocation;

   b. Pursuant to the terms of the Plan of Allocation, A.B. Data shall eliminate any Authorized Claimant whose award amount calculates to less than $10.00.  Such Claimants shall not receive any distribution from the Net Settlement Fund;

   c. After eliminating Claimants who would have received less than $10.00, A.B. Data will calculate the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more pursuant to the calculations ("Distribution Amounts");

   d. A.B. Data shall then prepare checks for the distribution and registers of such distributions, and send the payments by prepaid first-class mail, after the list of Authorized Claimants is compared to A.B. Data's internal list of claimants who have been identified as potentially fraudulent filers.  Finally, A.B. Data will

issue replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss Amount calculations;

e.  All Initial Distribution checks shall bear the following notation: "CASH PROMPTLY.  VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [90 DAYS AFTER ISSUE DATE]";

f.  Authorized Claimants who do not cash their Initial Distribution checks in accordance with the Plan of Allocation shall irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in the Second Distribution described below.  Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted or on the conditions set forth in the Plan of Allocation, will irrevocably forfeit any further recovery from the Net Settlement Fund; and

g.  After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Ewashko Declaration, but no earlier than six (6) months after the Initial Distribution, if any balance is remaining and if cost effective (as determined by Lead Counsel in consultation with A.B. Data), A.B. Data will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet

been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment, and (2) are entitled to at least $10.00 from the redistribution based on their pro rata share of the remaining funds.

10. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, the following plan is ordered:

    a. If cost effective (as determined by Lead Counsel in consultation with A.B. Data), not less than six (6) months after the Second Distribution is conducted, A.B. Data shall conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after deducting A.B. Data's unpaid fees and expenses incurred or to be incurred, in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their Second Distribution checks or prior distribution checks, and who would receive at least $10.00 in such further distribution. Additional re-distributions, after deduction of costs and expenses as described above, and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with A.B. Data, determine that a further redistribution is not cost-effective; and

b.  At such time as Lead Counsel, in consultation with A.B. Data, determine that a further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to a secular, non-profit 501(c)(3) charitable organization(s), to be recommended by Lead Counsel and subject to the review and approval of the Court.

11. In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims or responses to deficiency letters received after May 31, 2023 from eligibility or consideration in the distribution of the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

12. Lead Counsel are ordered to implement the plan for distribution of the Net Settlement Fund set forth herein.

13. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, distributing the Net Settlement Fund, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement.

14. All Settlement Class Members, whether or not they have claimed against, they received, or they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Plaintiff's Counsel, the Claims

Administrator, the escrow agent or any other agent retained by Lead Plaintiff or Lead Counsel, and are bound by all of the terms of the Stipulation, including the terms of the Final Judgment, and will be barred from bringing any action in connection with the administration of the Settlement, or claim against the Net Settlement Fund, for any amount greater than that allocated to such Class Member as a result of its submission of a valid proof of claim.

15. A.B. Data is authorized to destroy the paper copies of the Claims and all supporting documentation one (1) year after the Initial Distribution, and one (1) year after all funds have been distributed may destroy the electronic copies of the same.

16. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

The Clerk of Court is directed to terminate the motion at docket entry 113.

SO ORDERED.

Dated: September 19, 2023
New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge